370 So.2d 1254 (1979)
Mr. and Mrs. Alfred L. LAMBERT, Sr.
v.
DONALD G. LAMBERT CONSTRUCTION COMPANY, Donald G. Lambert, Charles R. Bell, and Prestige Casualty Company.
No. 63206.
Supreme Court of Louisiana.
April 9, 1979.
Robert J. Young, Jr., Young, McMahon & Levert, New Orleans, for defendant-respondent.
Wayne Douglas Mancuso, Metairie, for plaintiff-applicant.
MARCUS, Justice.
Plaintiffs, Mr. & Mrs. Alfred L. Lambert, Sr., instituted this action to recover damages sustained as a result of an intersectional collision between an automobile driven by Mr. Lambert and a dump truck driven by defendant, Charles R. Bell. It was *1255 alleged that the accident was caused by the negligence of Bell while operating said dump truck in the course and scope of his employment with defendants, Donald G. Lambert Construction Company and Donald G. Lambert, and insured by defendant, Prestige Casualty Company, at the time of the accident.
The trial court rendered judgment in favor of Mr. Lambert and against defendants, finding that Bell's negligence was the sole proximate cause of the accident. It awarded Mr. Lambert $10,000 in general damages and $1,319 in special damages (the amount stipulated by counsel). In addition, the court awarded Mr. Lambert $6,000 for damages to his vehicle. The claim of Mrs. Lambert for damages for mental anguish and distress caused by the accident was dismissed.
The court of appeal affirmed the trial court's finding on liability and award for general damages. It amended the award of special damages from $1,319 to $1,369 to conform with the stipulation of counsel at trial. It reversed and set aside Mr. Lambert's recovery of $6,000 for damages to the automobile driven by him at the time of the accident. The court reasoned that the automobile was owned by a separate corporate entity and not by Mr. Lambert personally. Hence, the court concluded that Mr. Lambert was not the proper party plaintiff to assert a claim for loss of the damaged vehicle. The lower court judgment dismissing Mrs. Lambert's claim for damages was affirmed.[1] On application of plaintiffs, we granted certiorari to review the correctness of the finding by the court of appeal that Mr. Lambert was not the proper party plaintiff to seek damages for the loss of the vehicle.[2]
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La.Code Civ.P. art. 681. The exception of no right of action raises the question of whether the plaintiff has any interest in enforcing judicially the right asserted. Stevens v. Johnson, 230 La. 101, 87 So.2d 743 (1956) (per curiam on application for rehearing); Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753 (1947); Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375 (1945). Moreover, the exception of no right of action, or no interest in the plaintiff to institute the suit, is a peremptory exception which may be pleaded at any state of the proceeding in the trial court prior to a submission of the case for a decision or for the first time in the appellate court if pleaded prior to a submission of the case for a decision if proof of the ground of the exception appears of record and even may be noticed by either the trial or appellate court of its own motion. La.Code Civ.P. arts. 927, 928 and 2163; Stevens v. Johnson, supra; see also McMahon, The Exception of Want of Interest, 11 Tul.L.Rev. 527 (1937). In considering this issue, we are mindful that the articles of our code of civil procedure are to be construed liberally and with due regard for the fact that forms of procedure implement the substantive law and are not an end in themselves. La.Code Civ.P. art. 5051.
The record reflects that the automobile (a 1974 Cadillac) driven by Mr. Lambert at the time of the accident was purchased on May 14, 1975, from Pontchartrain Motor Company, Inc. Mr. Lambert testified that, while he paid for the vehicle by a check drawn on an account of "Lambert's in Metairie, Inc.," a corporation owned and operated by him, the funds used to pay for the vehicle were his personal ones which had been commingled with those of the corporation. Although the invoice and re-assignment of the title made on the date of purchase reflect that "Lambert's Datsun" was the purchaser of the automobile, Mr. Lambert stated that "Lambert's Datsun" was nothing more than a "figment," I. e., that there was no such company as "Lambert's Datsun." Mr. Lambert maintained that he was the owner of the vehicle and had sole personal use of it since the date of purchase. He also stated that he had retained possession of the title to the vehicle at all times. It should be further noted that two separate repair estimates *1256 of damage to the automobile introduced in evidence (one by Mr. Lambert and the other by defendants) denote Mr. Lambert as the owner.
Based on the evidence in the record, we find, as did the trial court, that Mr. Lambert sufficiently proved that he was the owner of the automobile and as such had a real and actual interest in bringing an action to recover damages to the vehicle as a result of the accident. Accordingly, the court of appeal erred in holding otherwise.

DECREE
For the reasons assigned, the judgment of the court of appeal is amended to reinstate the award of $6,000 made by the trial court for damages to Mr. Lambert's vehicle. As amended, the judgment of the court of appeal is affirmed.
NOTES
[1] 371 So.2d 1167 (La.App. 4th Cir. 1978).
[2] 363 So.2d 1389 (La.1978).