PONDER, Judge.
This is a suit on a promissory note. Plaintiff confirmed a default judgment from which defendants appealed.
Defendants contend that the note is usu- ' rious and therefore the mortgage should be extinguished because there is no lawful debt; that plaintiff did not bear its burden of proof to obtain a default; and that plaintiff has no right of action to the relief sought.
We reverse and remand.
Defendants’ contention that plaintiff has no right of action is based upon the fact that the note was endorsed to General Electric Credit Corporation with recourse by plaintiff. The law prior to January 1, 1975 was that a note made payable to “myself” and endorsed in blank by the maker is bearer paper which can be negotiated by delivery. Houston v. McCoy, 351 So.2d 829 (La.App. 1st Cir. 1977). The instant note was bearer paper because it was originally made payable to “ourselves” and then endorsed by the makers in blank. If an instrument was originally bearer paper it remained so in spite of special endorsements. Liberty Loan Corp. of Eunice, Inc. v. Lavine, 324 So.2d 481 (La.App. 3rd Cir. 1975). However, the law was changed effective January 1, 1975, to read that:
“ * * * Any instrument specially endorsed becomes payable to the order of the special endorsee and may be further negotiated only by his endorsement.” [1]
We are unable to determine whether the negotiation to General Electric Credit Corporation was before or after the effective date of the above statute. We therefore maintain the peremptory exception of no right of action.
An exception of no right of action may be raised on an appeal. C.C.P. 927. Further, upon the sustaining of a peremptory exception the plaintiff should be allowed the opportunity to amend the petition in order to remove the grounds for the exception. C.C.P. 934. The plaintiff shall have 30 days from the finality of this judgment to amend the petition to state a right of action.
Our action on the peremptory exception of no right of action makes it unnecessary to pass on defendants’ other complaints.
The judgment of the trial court is therefore reversed and remanded for further proceedings consistent with the opinion of this court. The costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.

. La.R.S. 10:3-204(1).