420 So.2d 1019 (1982)
Gerald MORTON
v.
WASHINGTON NATIONAL INSURANCE COMPANY.
No. 5-168.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
Gordon Hackman, Boutte, for plaintiff-appellant.
Harry R. Cabral, Jr., Metairie, for defendant-appellee.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
CHEHARDY, Judge.
Plaintiff appeals from a judgment dismissing his suit on an exception of "no right or cause of action." We reverse, for the reasons set forth below.
Gerald Morton filed suit against Washington National Insurance Company on an *1020 income protector policy. In his petition, as amended, Morton alleged he purchased the policy on or about November 8, 1974; that the policy provided for payments for loss of income caused by illness; that he became ill in December 1974 and was unable to work for four or five months; that he submitted proofs of loss to defendant but defendant refused to make any payments under the policy; and that the refusal was arbitrary and without probable cause.
Washington National answered with a general denial and the case was set for trial. Prior to trial, defendant filed an exception titled "no right or cause of action." The basis for the exception was that under the terms and conditions of the policy, a claim may not lie against the company unless a valid proof of loss form has been executed and furnished to the company. Defendant alleged such proof of loss form was never returned to the company. After submission of documentary evidence and argument of counsel, the district court granted the exception.
There is no single exception of no right and/or no cause of action; they are separate and distinct, each serving a particular purpose and each following particular procedural rules. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979).
The exception of no cause of action raises the question of whether the law affords any remedy to plaintiff under the allegations of the petition; such objection is triable on the face of the petition, and for purposes of its determination, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980). Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
Considering the allegations of Morton's petition as amended, summarized above, we find them sufficient to state a cause of action against the insurance company.
In cases where the law grants a remedy to certain persons for the particular harm alleged by plaintiff, the exception of no right of action raises the issue of whether plaintiff belongs to that particular class to which the law grants the remedy. Gustin v. Shows, supra. The defendant may not use an exception of no right of action to urge that plaintiff has no right of action simply because there is a valid defense to the claim, as any such defense must go to the merits only. Gustin v. Shows, supra; Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3d Cir.1975). Evidence is admissible on trial of the exception of no right of action to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931.
It is clear from the allegations of plaintiff's petition that he is a proper person to assert the claims made. The evidence produced by defendant to support its exception was directed toward the defendant's claims that plaintiff had failed to file proper proofs of loss and that there was no liability because the policy was never issued to plaintiff. These are defenses to the merits of plaintiff's claim but they have no bearing on his right to pursue the action. See Curry v. Iberville Parish Sheriff's Office, 378 So.2d 159 (La.App. 1st Cir.1979). (We express no opinion on the validity of these defenses.)
Considering the foregoing, the judgment of the district court is reversed and the exceptions of no cause of action and of no right of action are denied. The case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.