430 So.2d 816 (1983)
Henry STEADMAN, Jr.
v.
George SLADOVICH, III and Mrs. Joan Douglass Sladovich.
No. 82-CA-160.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
*817 Raymond P. Augustin, Jr., New Orleans, for plaintiff-appellant.
Bernard S. Dolbear, New Orleans, for defendants-appellees.
Before CURRAULT, GAUDIN and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal involves the proper disposition of the peremptory exceptions of no cause and/or no right of action filed in response to a suit for malicious prosecution.
On July 30, 1975, plaintiff, Henry Steadman, Jr., brought an action against defendants, George Sladovich, III, and Joan Douglass Sladovich, for malicious prosecution.
Following a hearing on the exceptions held on June 17, 1982, a judgment was rendered maintaining the exception of no right of action, thereby dismissing plaintiff's suit.
The issue herein is whether the trial court erred in that the evidence introduced and upon which the judgment was based was improperly admitted for the purposes of the exceptions.
The exceptions of no right and/or no cause of action are separate and distinct, each serving a particular purpose and each following particular procedural rules. LSA-C.C.P. 927(4) and (5); Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979).
The no cause of action exception functions solely to test the legal sufficiency of the petition. "... [T]he issue is whether the face of the petition presents a case which legally entitled the mover to the redress sought." Hero Lands Co. v. Texaco, Inc., 310 So.2d 93, 96 (La.1975); Plaquemines Parish Com'n. Council v. Perez, 379 So.2d 1373 (La.1980); Morton v. Washington National Insurance Company, 420 So.2d 1019 (La.App. 5th Cir.1982). Evidence is not allowed at any time to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. All well-pleaded facts are accepted as true and doubts are resolved in favor of maintaining the sufficiency of the petition. Morton, supra.
*818 The no right of action, on the other hand, raises the question of whether plaintiff belongs to that particular class of persons to whom the law grants a remedy for the particular harm alleged by plaintiff.[1]Morton, supra.
"Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La.C.C.P. 681. The exception of no right of action raises the question of whether the plaintiff has any interest in enforcing judicially the right asserted." Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254, 1255 (La.1979); Jefferson National Bank & Trust Company v. National Gold Mining Co., Inc. and Virgil Lloyd, 420 So.2d 997 (La.App. 5th Cir.1982).
Unlike the no cause of action exception, evidence is admissible to support or controvert the objection of no right of action when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. Thus, the no right of action cannot be utilized to determine whether defendant can stand in judgment, or to urge that plaintiff has no right simply because there is a valid defense. Morton, supra; Selber Bros. v. Bryant, 406 So.2d 251 (La.App. 3d Cir.1981). Such defense goes solely to the merits.
"In order to state a cause of action for malicious prosecution, the following allegations are required:
(1) Commencement or continuance of an original criminal or civil judicial proceeding;
(2) Its legal causation by the present defendant against plaintiff who is defendant in the original proceeding;
(3) Its bona fide termination in favor of the present plaintiff;
(4) Absence of probable cause for such proceeding;
(5) Presence of malice therein; and
(6) Damage conforming to legal standards resulting to plaintiff." Parks v. Winnfield Life Ins. Co., 336 So.2d 1021, 1028 (La.App. 3d Cir.1976), writ refused 339 So.2d 351 (1976).
"Dismissal of charges by the District Attorney is a `termination of the proceeding in plaintiff's favor' for purposes of cause of action in malicious prosecution." Parks, supra at page 1028.
Addressing the exception of no cause of action, the record clearly reveals that appellant's petition alleged the necessary facts to state a cause of action for malicious prosecution.
On the issue of the exception of no right of action, the transcript reveals that the evidence admitted solely related to the questions of probable cause and malice, both of which are defenses on the merits. The trial court, therefore, erred by allowing such evidence to be introduced and consequently sustaining the exception of no right of action on the basis of that testimony.
Accordingly, the judgment of the trial court dismissing plaintiff's action is hereby reversed, and the case is remanded for further proceedings consistent with the opinion herein. Appellee is to be taxed for all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] For a further discussion distinguishing the two exceptions, see Babineaux v. Perni-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (La. 1972).