459 So.2d 748 (1984)
SAJARE INTERESTS, LTD. and Brian Investments, Inc.
v.
ESPLANADE MANAGEMENT, INC. and New Orleans Federal Savings and Loan Association.
No. CA-1887.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*749 Tucker & Schonekas, Gibson Tucker, Jr., New Orleans, for plaintiff-appellant.
S. Sanford Levy, New Orleans, for defendant-appellee.
Before WILLIAMS and BYRNES, JJ., and L. JULIAN SAMUEL, J. Pro Tem.
L. JULIAN SAMUEL, Judge Pro Tem.
Plaintiffs appeal from a judgment dismissing their suit on an exception of "No Cause or Right of Action" and ordering the removal of "Notice of Lis Pendens" from the records of the Recorder of Mortgages for the Parish of Orleans.
Brian Investments, Ltd. and its subsidiary, Sajare Interests, Ltd., filed this suit against Esplanade Management, Inc. and New Orleans Federal Savings and Loan Association[1] to dissolve the sale of certain property. In pertinent part, the petition alleges: On July 16, 1982, plaintiff Brian *750 sold to defendant Esplanade immovable property[2] for a total consideration of $467,090.58. Of that amount, $437,067.55 was paid in cash and a promissory note dated July 16, 1982 in the amount of $30,023.23, the balance of the sale price, was executed by the purchaser in favor of the Internal Revenue Service. The note was payable on demand, six months after date. The petition further asserts "defendant has failed and refused to make payment of the credit portion of the purchase price[3] when it became due and owing and despite demand, entitling the vendor to a dissolution of the sale." The petition also alleges that Sajare executed a promissory note to Esplanade in the amount of $99,590.00 as part of the consideration for the sale and the suit also seeks judgment cancelling this note. Finally, the petition tenders return of the alleged cash consideration paid, $437,067.55, as a condition of the judgment returning title and possession of the property to Brian.
Defendant Esplanade filed an "Exception of No Cause or Right of Action" to the petition. The basis for the exception was that plaintiff did not allege any authority for acting on behalf of the Internal Revenue Service, payee on the note, and that the law does not permit dissolution of a sale if a portion of the purchase price remains unpaid. An act of cash sale of property from Brian to Esplanade, dated July 16, 1982, was somehow entered into the record. The act recites: "This sale is made and accepted for and in consideration of the price and sum of THREE HUNDRED THIRTY THOUSAND AND NO/100 ($330,000.00) DOLLARS which the said Purchaser has well and truly paid, in ready and current money to the said vendor who hereby acknowledges the receipt thereof...." The record on appeal does not contain any showing of a hearing on Esplanade's exceptions and we do not know how this act of sale happens to be included in the record.
The district court rendered judgment, without reasons, as follows:
IT IS ORDERED, ADJUDGED AND DECREED That the Exception of No Cause or Right of Action, filed herein by defendant, ESPLANADE MANAGEMENT, INC., be and the same is hereby maintained dismissing the suit of plaintiffs, SAJARE INTERESTS, LTD., and BRIAN INVESTMENTS, INC., as to the said plaintiff (sic) ESPLANADE MANAGEMENT, INC., only, at the said plaintiffs' costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the Motion to Remove "Notice of Lis Pendens" filed herein by defendant, ESPLANADE MANAGEMENT, INC., be and the same is hereby granted ordering the plaintiffs' "Notice of Lis Pendens" to be stricken from the records of the Recorder of Mortgages for the Parish of Orleans, MOB 2427 Folio 31.
Appellants contend the trial court erred in maintaining the exceptions. Relying on LSA-C.C. art. 2561,[4] they assert that the petition alleges sufficient facts to state a cause of action for dissolution of the sale. They argue the documents[5] "attached" to the exception were inadmissible on an exception of no cause of action. Appellee contends that appellants were not holders of the note to the IRS and therefore could *751 not sue without the IRS. Esplanade also asserts that the authentic act of sale purporting to be a cash sale is full and complete proof of the sale since there was no allegation of fraud, forgery or error. Appellants finally argue, alternatively, that the trial judge should have permitted them to amend the petition rather than dismiss their suit.[6]
Imprimis, we note that, regardless of any other consideration, C.C.P. Art. 934 requires that a judgment sustaining a peremptory exception (and under C.C.P. Art. 927(4) and (5) no cause of action and no right of action are peremptory exceptions), shall order an amendment within a delay allowed by the court when the objection pleaded by the exception may be removed by amendment. Here there are totally conflicting arguments by the appellants (that the sale was a credit sale) and by the appellees (that the sale was a cash sale) and while what appears to be a cash act of sale by authentic act is in the record, we have no information as to how that particular instrument was placed there. Even if the document represents the actual sale of the property involved, it does appear that this objection may be removed by amendment in order to allege fraud, forgery or error for the purpose of going beyond the authentic act itself. See La.C.C. Art. 2236; Franklin v. Sewell, 110 La. 292, 34 So. 448 (1903). Matthieu v. Nettles, 383 So.2d 1337 (La.App. 3 Cir.1980), writ denied 390 So.2d 202.
Plaintiffs-appellants should have been allowed to amend their petition. See Delta Acceptance Corporation v. Goldman, 388 So.2d 85 (La.App. 1 Cir.1980). However, as we reverse and deny the exceptions, there is no need to offer appellants an opportunity to amend.
We note that Louisiana does not have an exception of "no cause or right of action". The two are separate and distinct, each serving a particular and different purpose. Morton v. Washington National Insurance Co., 420 So.2d 1019 (La.App. 5 Cir. 1982). We therefore treat the "exception" filed as two exceptions: (1) an exception of no cause of action; and (2) an exception of no right of action.

THE EXCEPTION OF NO CAUSE OF ACTION
The exception of no cause of action tests the sufficiency of the petition. It raises the question of whether the law grants a remedy to anyone for the particular harm alleged. For purposes of the exception all allegations of the petition are accepted as true, no evidence is admissible to support or defeat the exception, and doubts are resolved in favor of maintaining the sufficiency of the petition. C.C.P. Art. 931; Steadman v. Sladovich, 430 So.2d 816 (La.App. 5 Cir.1983); A. Copeland Enterprises, Inc. v. R. Jones Enterprises Inc., 433 So.2d 1066 (La.App. 5 Cir.1982). Even if evidence is admissible for another exception, that evidence cannot be considered for the purposes of the exception of no cause of action. Gustin v. Shows, 377 So.2d 1325 (La.App. 1 Cir.1979). Contrary factual contentions do not support maintaining the exception but are instead defenses which must be tried on the merits. Marquis v. Cantu, 371 So.2d 1292 (La.App. 3 Cir.1979).
Regarding the exception of no cause of action here, as we have said, the petition alleges that Brian was vendor of the property and that the credit portion was not paid by the vendee to the IRS when due. Assuming, as we must for the purposes of this exception, that the factual allegations of the petition are true, plaintiff Brian has stated a cause of action for dissolution of the sale pursuant to LSA-C.C. Art. 2561.[7] Defendant's assertion by way of the exception that "the law does not permit a recission of the sale if a portion of the purchase price remains unpaid," is incorrect in a credit sale. Such a sale is alleged and the *752 petition also alleges that a note for $30,023.23, representing the balance or credit portion of the sale price, was not paid when due. Although it may very well be the subject of valid complaints in other areas,[8] we cannot see how the fact that the IRS and not Brian, may be the holder of the note has application in the exception of no cause of action. As alleged, the note was a part of the consideration for the sale, and it has not been paid. The situation alleged appears to fall within the ambit of Civil Code Article 2561. See Sliman v. McBee, 311 So.2d 248 (La.1975) and Louis Werner Saw Mill Co. v. White, 205 La. 242, 17 So.2d 264 (1944).[9] Accordingly, particularly insofar as Sajare is concerned, because of the established rule in the event of a dissolution, a complete restoration, a placing of matters in the same state as though the obligation had not existed, must be accomplished, Hollanger v. Hollanger Rice Farms, Inc., 445 So.2d 117 (La.App. 2 Cir. 1984); Chiantella v. Mississippi Mud, Inc, 170 So.2d 897 (La.App. 4 Cir.1965), and cases cited therein, we deny the exception of no cause of action as to both plaintiffs.

THE EXCEPTION OF NO RIGHT OF ACTION
Where the law grants a remedy, the exception of no right of action raises the issue of whether this particular plaintiff falls as a matter of law within the general class in whose favor the remedy may be asserted. Steadman v. Sladovich, supra; A. Copeland Enterprises Inc., v. R. Jones Enterprises, Inc. supra.
Unlike the exception of no cause of action, on the trial of the exception of no right of action evidence is admissible to support or controvert the issue of whether there is a right or interest in the particular plaintiff to institute the suit. However, the exception of no right of action "... cannot be utilized.... to urge that plaintiff has no right simply because there is a valid defense. Such defense goes solely to the merits." (Citations omitted) Steadman v. Sladovich, supra.
We have held that the plaintiff-vendor, Brian, has stated a cause of action and that its allegations regarding the alleged facts that the sale in suit was a credit sale and that the credit portion has not been paid must be accepted as true. Under these circumstances, Brian as vendor certainly has a right of action. In fact, only the vendor has a right to dissolve the sale. And we do not agree with appellee's contention that the sale in suit was a cash sale and therefore there can be no unpaid credit portion. Such a contention is a defense to the action; as such it goes solely to the merits and cannot be urged on an exception of no right of action.
Accordingly, we deny the exception of no right of action as to both plaintiffs. Insofar as plaintiff Sajare is concerned, this denial is for the same reason expressed in our consideration of the exception of no cause of action.
For the reasons assigned, the judgment appealed from is reversed, the exception of no cause of action and the exception of no right of action are denied, and the matter is remanded to the trial court for further proceedings in accordance with law and not in conflict with this opinion and decree.
REVERSED; REMANDED.
NOTES
[1] The association is involved to the extent of a post sale mortgage held by it.
[2] According to an alleged cash act of sale of the property, which is in the record, the sale had been held pursuant to an order issued by a federal bankruptcy court; appellant Brian had been placed in involuntary bankruptcy.
[3] In brief to this court, appellants states that payment of Sajare's tax debt was part of the total consideration for Brian's sale.
[4] "If the buyer does not pay the price the seller may sue for the dissolution of the sale. This right of dissolution shall be an accessory of the credit representing the price, and if it be held by more than one person all must join in the demand for dissolution; but if any refuse, the others by paying the amount due the parties who refuse, shall become subrogated to their rights."
[5] With its appellate brief, defendant Esplanade also submits additional documentary evidence for maintaining the exception, which we cannot consider because that evidence was presented for the first time in this court.
[6] We pretermit mention or a discussion of other arguments in briefs as we are concerned on this appeal only with the exceptions on appeal.
[7] Footnote 4, supra.
[8] For example, it would seem that the IRS should have been joined in these proceedings which pivot upon its note for $30,023.03, Sajare's tax debt. Appellee argues the IRS was an indispensable party.
[9] In both cases, a portion of the purchase price was paid in cash and the balance was represented by promissory notes. However, in both of those cases the promissory notes were held by the vendor.