460 So.2d 89 (1984)
Ronald and Deborah MECHE, Plaintiffs-Appellants,
v.
Elton A. ARCENEAUX and Doris Thibodeaux, Defendants-Appellees.
No. 83-1069.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Stephen Spring, Lafayette, for plaintiffs-appellants.
Edwards, Stefanski & Barousse, Homer E. Barousse, Jr., Crowley, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
GUIDRY, Judge.
Ronald Meche and Deborah Meche, plaintiffs, filed suit against Elton Arceneaux, Sheriff of Acadia Parish, and Doris Thibodeaux, as Chief Criminal Deputy, defendants, seeking to compel the defendants to accept commercial surety bail bonds furnished by the plaintiffs who are both duly licensed insurance agents. The defendants filed exceptions of no right and no cause of action urging that the plaintiffs have criminal charges pending against them and that the commercial surety through which they furnish bail bonds, Heritage Insurance Company, is the proper party to bring suit, in that, it is the solvency and integrity of Heritage Insurance Company which the plaintiffs rely on to deliver bail bonds. The *90 trial judge held that plaintiffs did not state a right of action in themselves to sue on behalf of Heritage Insurance Company of America. On that basis, the trial judge sustained the exception of no right of action without considering the exception of no cause of action. The plaintiffs appeal. We reverse.
The sole issue on appeal is whether the trial court erred in finding that plaintiffs have no right of action against the defendants under the stated allegations of their petition.
The plaintiffs are allegedly duly licensed insurance agents of the State of Louisiana and are engaged in the business of furnishing bail bonds through commercial sureties for criminal defendants in the State of Louisiana. Heritage Insurance Company, a commercial surety authorized to do and doing business in the State of Louisiana, has, by their recorded powers of attorney, authorized the plaintiffs to act as their agents to furnish surety bail bonds for criminal defendants on any one undertaking not to exceed $50,000.00. Certified copies of these powers of attorney are made part of the record.
On or about April 8, 1983, the plaintiffs went to the Acadia Parish jail to post the required bail bond for a pre-trial detainee through their principal, Heritage Insurance Company. The defendants allegedly refused to accept the bond furnished by the plaintiffs because there were multiple bills of information and warrants outstanding for the arrest of the plaintiffs grounded on the premise that the plaintiffs either knowingly or unknowingly wrote bonds through Cotton Belt Insurance Company and/or Guillory Bonding Service, which companies were insolvent or unable to discharge their duties as commercial sureties on bail bonds.
The plaintiffs allege that on or about April 22, 1983, their counsel was personally informed by defendant, Elton Arceneaux, Sheriff of Acadia Parish, that the plaintiffs would not be allowed to write bonds until the district attorney tendered a letter stating to the effect that the pending charges against the plaintiffs were dismissed. Also it is alleged the defendant, Doris Thibodeaux, Chief Criminal Deputy Sheriff of Acadia Parish, informed the plaintiffs that the only reason they were not allowed to write bonds was because they had been arrested and there were charges pending against them. Plaintiffs finally alleged that defendants have refused to accept bail bonds on behalf of defendants scheduled for prosecution in Acadia Parish obtained from commercial sureties represented by plaintiffs and the law provides them no relief by ordinary means to compel defendants to perform the ministerial duty of accepting such bail bonds.
The exception of no right of action addresses itself to whether the party it is asserted against has any interest in enforcing judicially the right alleged against the mover. LSA-C.C.P. Arts. 681 and 927. The exception is a threshold device to terminate a suit brought by one who has no interest in enforcing judicially the right asserted. Lambert v. Donald G. Lambert Construction Company, 370 So.2d 1254 (La.1979).
The defendants contend, and the trial judge agreed, that Heritage Insurance Company of America is the proper party to bring this action to compel the defendants to accept the Heritage bonds. This would be true if the defendants had refused to allow the plaintiffs to write the bonds on the ground that it was the Heritage bond itself that was in some manner deficient or unacceptable. If that was the case, then it would be the solvency and integrity of Heritage Insurance Company that would be the subject matter of the litigation, a matter in which the plaintiffs, as agents, would not have an interest in, nor have any right of action to bring. Defendants do not, in their answer, question the integrity or validity of bail bonds issued through Heritage Insurance Company nor do they question the solvency of that company or that it is duly authorized to do business under the laws of this state. The record reflects that defendants refused to accept bonds tendered by plaintiffs because of plaintiffs *91 outstanding warrants of arrest, pending criminal charges, and prior representation of Cotton Belt Insurance Company and/or Guillory Bonding Service which were allegedly insolvent or unable to meet their obligation as commercial sureties. This finding is supported by the fact that the defendants stated same in their answer, in their brief on appeal, and as a ground for their exception.
Therefore, we find the issue to be whether the plaintiffs have a right of action to prevent the defendants from refusing any bonds furnished through them on the basis of plaintiffs' past conduct and past representations.
The plaintiffs have alleged they are bondsmen licensed through the Louisiana Insurance Commissioner's Office. The plaintiffs have shown, by a recorded power of attorney, their authority, as agents of Heritage Insurance Company, to furnish Heritage bonds. The plaintiffs have alleged that they are in the business of providing bail bonds through commercial sureties which forms a part of their livelihood. The plaintiffs have also alleged that the defendants, acting without statutory or constitutional authority, arbitrarily refused to accept any bail bonds furnished by them through qualified commercial sureties. Finally, they allege that the defendants' action has prevented the plaintiffs from doing what they are licensed and authorized to do and has prevented them from performing a function of their livelihood.
Because of these allegations, we find the plaintiffs have stated a right of action, in themselves, to enforce judicially the rights which they assert.
We likewise find no merit to defendants' exception of no cause of action. An exception of no cause of action concedes, for purposes of trial of the exception, the truth and correctness of the facts pleaded and may be sustained only when it is clearly shown that the law affords no remedy to anyone for the particular grievance alleged. Station v. Travelers Insurance Company, 236 So.2d 610 (La.App. 1st Cir.1970), writ denied, 256 La. 857, 239 So.2d 359 (1970), appeal after remand, 292 So.2d 289 (La.App. 1st Cir.1974). Assuming correctness of the allegations of plaintiffs' petition, it is clear that our law affords them a remedy under the circumstances.
For the above reasons, the judgment of the trial court granting defendants' exception of no right of action is reversed and set aside and this matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to defendants. Assessment of costs at the trial level are to await a final determination of this matter.
REVERSED AND REMANDED.