GUIDRY, Judge.
Plaintiff-appellant, Elton Deville, appeals the dismissal of his suit on an exception of no cause and/or no right of action.
The record reveals that plaintiff filed a petition in proper person on May 16, 1983 against defendant, Arlene Frazier, entitled “Petition for Contributing to a Childs (sic) Delinquincy and Breach of Peace.” In his petition, Deville asserted that on May 14, 1983, he was babysitting with two minor children, the niece and nephew of defendant. He alleged that defendant came to his home and took the children to her home nearby and would not return them when requested to do so. Plaintiff alleged that defendant “... contributed to the delin-quincy of the children, by subjecting the said children to her will, and by taking control of their minds and bodies, and insisting the children disregard their appointed ex tempore, baby sitters (sic) wishes to have them return to their appointed domicile.” Plaintiff further alleged that defendant’s actions were “... arbitrary and breaches of the peace, and contributes to the delinquincy of the child, and encourages the child to be disobedient, and disrespectful of parents, and authority.” Plaintiff thereafter implored the court to take proper measures of discipline against defendant and “impose whatever punishment such violations deem”. At no point did plaintiff assert that he was related to the children in question or that he was personally damaged by defendant’s actions.
Defendant answered the suit on May 19, 1983 with a general denial. On June 13, 1983, defendant filed exceptions of no cause of action and no right of action. Defendant filed an exception of lack of procedural capacity on July 7, 1983. On *1052 August 3, 1983, plaintiff filed a motion to oppose the exceptions filed by defendant on the ground that they were filed after the answer. Plaintiffs motion, seeking to have the exceptions dismissed, was denied.
On September 7, 1983, notice was sent to defendant that a hearing on the merits was set for March 26, 1984. The record indicates that only defendant was issued such notice. On March 26, 1984, defendant appeared in court and moved for a judgment of non-suit due to plaintiffs failure to appear. Plaintiffs suit was thereupon dismissed.
On March 27, 1984, plaintiff moved to annul the judgment of the previous day on the ground that he received no notice of the trial date. On April 4, 1984, plaintiff moved to file an amendment to his petition for the purpose of establishing his cause and right to bring the present action. This amendment simply detailed the circumstances surrounding the events of May 14, 1983, stating that plaintiff was babysitting for two minor children upon the request of their alleged lawful custodian, Mrs. Elsie Coles.
A hearing was held on April 10, 1984 at which both parties were present. The trial judge granted plaintiffs motion to annul the judgment of April 3, 1984. Arguments were thereafter heard on the exception filed by defendant. By judgment dated April 10, 1984, the trial court sustained the exception of no cause and no right of action and dismissed plaintiffs suit at his costs.
Plaintiff appeals seeking to have his suit remanded to the trial court for a trial on the merits. Plaintiff first asserts that the trial court erred in hearing the exceptions since they were untimely filed, i.e., filed after the answer.[1] As the trial court stated at the hearing on April 10, 1984, the exceptions of no cause of action and no right of action are peremptory exceptions and can be pleaded at any stage in the proceedings prior to a submission of the case for a decision. La.C.C.Pr. Arts. 927 and 928. We therefore find that the trial court properly entertained these exceptions on April 10, 1984, prior to trial on the merits.
Plaintiff next contends that the trial court erred in refusing to allow him to put on witnesses in order to prove his right of action.
The peremptory exception of no right of action challenges the interest in the plaintiff to institute the suit. La.C. C.Pr. Art. 927. Evidence is admissible on trial of the exception of no right of action to support or controvert any of the objections pleaded, when the grounds therefor do not appear from the petition. La.C. C.Pr. Art. 931; Morton v. Washington National Insurance Co., 420 So.2d 1019 (La.App. 5th Cir.1982).
The peremptory exception of no cause of action is triable on the face of the petition and without the introduction of evidence, and for purposes of its determination, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition.
The exception of no cause of action tests the sufficiency in law of the plaintiffs petition. It raises the issue of whether the law grants a remedy to anyone for the particular harm alleged. In the case at hand, plaintiff filed suit against defendant on the criminal charges of contributing to the delinquincy of a minor (La.R.S. 14:92) and breach of peace (La.R.S. 14:103). Since these are criminal offenses, they fall solely within the domain of the district attorney’s office. La.R.S. 14:4. Louisiana Code of Criminal Procedure Article 61 provides:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and *1053 determines whom, when, and how he shall prosecute.
Therefore, plaintiff did not state a cause of action in the present suit. Our law prohibits private citizens from instituting criminal prosecutions. Only the district attorney is authorized to do so.
Since we determine that the trial court’s dismissal on the exception of no cause of action was proper, we need not determine whether plaintiff was prejudiced by not being allowed to present evidence to prove his right of action in the instant suit.
For the above and foregoing reasons, the judgment of the trial court maintaining the defendant’s exception of no cause of action is affirmed. All costs are assessed against plaintiff, Elton Deville.
AFFIRMED.

. Defendant’s exception of lack of procedural capacity is a dilatory exception which must be pleaded prior to answer or judgment of default. La.C.C.Pr. Arts. 926 and 928. Therefore, this exception was untimely. Nevertheless, the trial court’s dismissal was based on the exceptions of no cause of action and no right of action.