545 So.2d 632 (1989)
Juanita THOMAS
v.
STATE of Louisiana, ABC Insurance Company, Dr. John Doe, Officer Richard Roe, Nurse Jane Poe, and the City of New Orleans.
Ms. Evelyn LANDRY
v.
CHARITY HOSPITAL OF NEW ORLEANS, et al.
Andrew MERCADEL
v.
CITY OF NEW ORLEANS, et al.
Diane SMITH
v.
STATE of Louisiana, et al.
Nos. 88-CA-1154 to 88-CA-1157.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1989.
Rehearing Denied July 19, 1989.
*633 Jennifer N. Willis, Cater & Willis, New Orleans, for appellant Juanita Thomas.
William P. Quigley, New Orleans, for appellant Diane Smith.
Paul M. Lavelle, Sally I. Gaden, New Orleans, for appellant Andrew Mercadel.
Okla Jones, II, City Atty., Don J. Hernandes, Chief Deputy City Atty., Val K. Scheurich, III, George V. Perez, Jr., Deputy City Attys., New Orleans, for appellees City of New Orleans, et al.
William J. Guste, Jr., Atty. Gen., Robert S. Leake, Asst. Atty. Gen., Trial Counsel, Baton Rouge, for appellee State of La.
Before BARRY, KLEES and BECKER, JJ.
BECKER, Judge.
These three consolidated cases arise from the crime spree committed by John Brooks. Each lawsuit is a wrongful death action naming the City of New Orleans and the State of Louisiana as defendants. Plaintiffs have alleged that the defendants are liable for the murder of their relatives *634 by the defendants' employees, in the New Orleans Police Department and Charity Hospital of New Orleans, negligently allowing Brooks to avoid arrest. Both defendants filed exceptions of prescription and no cause of action. Defendant, State of Louisiana, also filed a motion to strike several allegations of the plaintiffs' petitions. The State of Louisiana further brought a preemptory exception of no right of action at the appellate level. The trial court granted the City of New Orleans' exception of no cause of action, denied the other exceptions and the State's motion to strike. Plaintiffs have subsequently appealed the trial court's dismissal of their petitions for damages.
The plaintiffs in their petitions allege that on August 23, 1986 John Brooks committed a murder. After the murder he was engaged in an attempted armed robbery during which he was shot in the leg. According to the plaintiffs, the New Orleans Police Department was notified of both the murder and the attempted armed robbery, and was informed that the perpetrator had been shot in the leg.
Plaintiffs allege that Charity Hospital of New Orleans, an agency of the defendant State of Louisiana, had adopted a hospital policy requiring hospital personnel to notify the police when a patient is admitted to the hospital with a gunshot wound. Plaintiffs allege that the purpose of this regulation was to give the New Orleans Police Department notice that a crime has or may have been committed. A member of the New Orleans Police Department is assigned to duty at the Charity Hospital Emergency Room and was assigned to such duty at the time that John Brooks was admitted to the emergency room on August 23, 1986.
Plaintiffs further allege that the New Orleans Police Department had been provided with the description of the armed robber who was shot prior to the time that Brooks went to the Charity Hospital Emergency Room. Brooks was treated and released despite Charity's policy. Charity's employees failed to notify the New Orleans Police Department that a victim of a gunshot wound had come to the hospital. Further, plaintiffs state in their petition that the New Orleans police officer who was suppose to be on duty in the emergency room was absent from his post at the time Brooks was admitted. Plaintiffs claim that due to the negligence of both Charity's employees and the New Orleans police officer assigned to duty in the emergency room, Brooks was released and allowed to continue his crime spree. Juanita Thomas' husband, Artis Thomas, was killed by Brooks on November 27, 1986. Darren Mercadel, son of Diane Smith and Andrew Mercadel, was murdered by Brooks on December 28, 1986.
All three cases were consolidated at the trial court level on the motion of the City. Both defendants filed exceptions of no cause of action and prescription. In addition, the State filed a motion to strike. The trial court denied the State's exceptions of no cause of action based on the "public duty doctrine," and prescription, the State's motion to strike, and the City's exception of prescription. However, the trial court did grant the City's exception of no cause of action. In maintaining the City's exception, the trial court stated that
"both the New Orleans Police Department and Charity Hospital owe a duty to the public in general under the circumstances alleged in this suit and that duty was breached. Therefore, the exception of no cause of action filed by the State of Louisiana is overruled. However, the injuries claimed by all plaintiffs are simply too remote and speculative to have been caused proximately by this breach. Therefore, the exception of no cause of action filed by the City of New Orleans is sustained on the authority cited in its supporting memorandum."
Plaintiffs have appealed, arguing that the trial court erred in finding that the defendants' negligent breach of a duty owed to the plaintiffs was not the proximate cause of plaintiffs' damages, and that the trial court erred in maintaining the City's exception of no cause of action. The State of Louisiana has answered the appeal seeking reversal of the trial court's denial *635 of its exception of prescription and no cause of action and its motion to strike. The State has, also on appeal, filed a preemptory exception of no right of action.
We will first consider the trial court's maintenance of the city's exception of no cause of action. The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issue raised by the exception, all well-pleaded facts in the petition must be accepted as true. LSA-C.C.P. article 927; Darville v. Texaco, Inc., 447 So.2d 473 (La.1984); Mayer v. Valentine Sugars Inc., 444 So.2d 618 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977). The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premises upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Darville, supra; Haskins, supra; West v. Ray, 210 La. 25, 26 So.2d 221 (1946).
To assert a cause of action in negligence one must allege that a duty existed, that a breach of this duty occurred, and that damages were sustained as a result of the breach of the duty owed. Negligent conduct is a causative fact of harm to another if it was a substantial factor in bringing about that harm. Dixie Drive it Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). The determination of whether negligent conduct is a substantial factor in bringing about plaintiff's injuries is a question of fact. Walker v. Interstate Fire and Casuality Insurance Co., 334 So.2d 714 (La. App. 2nd Cir.1976). Rather than attempting to predict the unpredictable, one should direct the inquiry of forseeability to an analysis of the events to determine whether the murders were an intricate part of Brook's release. Brown v. American Druggists' Insurance Co., 476 So.2d 881 (La.App. 2nd Cir.1985), writ denied, 479 So.2d 365, 366 (La.1985).
Thus, the trial court correctly found that the plaintiffs did establish a cause of action. Plaintiffs' petitions sufficiently stated a duty, breach of duty, and resulting injury. Any question of foreseeability cannot be determined at a trial on an exception. The plaintiffs have alleged the causative relationship between the breach and the injuries alleged. Taking these allegations as true, plaintiffs' petitions sufficiently set forth a cause of action against defendants.
Whether plaintiffs are able to prove the alleged causality is a question to be determined at the trial of the matter. Part of proving the causality allegation includes the issue of foreseeability which is a question for the finder of fact. The trial court's judgment maintaining the City's exception of no cause of action is hereby reversed.
Defendant, State of Louisiana, based its exception of no cause of action on the applicability of the public duty doctrine. The trial court correctly rejected the State's arguments and denied its exception of no cause of action.
The public duty doctrine provides
"That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, than a neglect to perform it, or to perform it improperly, is an individual wrong, and may support an individual action for damages. `The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its nonperformance. Cooley on Torts, 4th Edition, Section 300 at page 385." Stewart v. Schmieder, 386 So.2d 1351 (La.1980).
*636 The Louisiana Supreme Court in Stewart has expressed its intention not to follow the public duty doctrine. The court stated that it had previously not had the
"occasion to consider the applicability of the `public duty doctrine' in Louisiana. We have, however, in many instances held governmental entities or public officials liable for the breach of duties which at first blush appeared to be owed to the public rather than to any individual. For example, the maintenance of highways and streets by the state and local Governments is an undertaking that benefits the general public and is not carried out for any particular individual. Nevertheless, we have not hesitated to find the state or local entities liable for the failure to maintain the streets and highways in a reasonably safe condition. United States Fidelity and Guaranty Co. v. State of Louisiana through the Department of Highways, 339 So.2d 780 (La. 1976); Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975). Vervik v. State of Louisiana, Department of Highways, 302 So.2d 895 (La. 1974).

* * * * * *
Therefore, under the jurisprudence of this State, the mere fact that a duty is of a public nature, and benefits the general public, does not require a conclusion that the city can not be found liable for the breach of that duty." Stewart, supra, at 1357.
As the Supreme Court has refused to accept the public duty doctrine, we find that the trial court correctly denied the State's exception of no cause of action. The public duty doctrine is not a viable defense in this matter. We find that although the duties imposed upon the City and the State are of a public nature and benefits the general public, individuals do have a right to seek damages for injuries incurred as a result of a breach of those duties imposed upon the city and the state. Accordingly, the trial court's denial of the State's exception of no cause of action is affirmed.
The trial court correctly denied defendants' exceptions of prescription. A tort action prescribes one year after the cause of action arises. In order for a person to initiate a tort action, one must be able to state a cause of action; that is, a wrongful act and resulting damages. Rayne State Bank and Trust Co. v. National Union Fire Insurance Co., 483 So.2d 987 (La.1986); Crier v. Whitecloud, 496 So.2d 305 (La.1986). In order to state a cause of action based upon negligence one must allege fault, causation, and damages. LSA-C.C. article 2315; Owens v. Martin, 449 So.2d 448 (La.1984). It is the onset of injury which marks the first point in time that a court may take cognizance of a cause of action. The commencement of prescription on any "actions for damages for injury" resulting from an initial act or omission is suspended until the injury actually occurs. Crier, supra, at 307. Therefore, a cause of action does not accrue until damages are sustained. Owens, supra.
Plaintiffs' cause of action did not occur until the deaths of their loved ones. They did not sustain any "damages" until Brooks killed Artis Thomas and Darren Mercadel. Artis Thomas, Juanita Thomas's husband, was killed on November 27, 1986. Diane Smith and Andrew Mercadel's son, Darren, was murdered on December 28, 1986. The Thomas suit was filed on November 17, 1987. Smith and Mercadel initiated their lawsuits on December 22, 1987 and December 18, 1987, respectively. All three of the petitions were filed within the one year prescriptive period. The trial court's denial of defendants' exceptions of prescription is hereby affirmed.
Defendant, State of Louisiana, argues that several paragraphs in plaintiffs' petitions should be stricken as they are simply inflammatory and irrelevant. LSA-C.C.P. article 964 provides in pertinent part,
"The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent or scandalous matter."
*637 Motions to strike are general disfavored and will be denied unless it is clearly shown that the allegations at issue have no possible bearing on the subject matter of the litigation and are prejudicial to the mover. Smith v. Gautreau, 348 So.2d 720 (La.App. 1st Cir.1977).
The State specifically argues that plaintiffs have demanded a jury trial against the State and its employees. Defendant argues that as plaintiffs are not entitled to a jury trial, such demands should be stricken from the petitions. Only the Smith and Thomas petitions requested a jury trial. Even so, the request has been styled such that plaintiffs requested a jury trial "against all defendants who are triable by jury." We do not agree with the State that the request, as written, should be stricken.
Further, the State contends that the allegations contained in the petitions concerning the criminal activities of Brooks after his discharge from Charity Hospital should also be stricken as irrelevant and inflammatory. A review of the petitions reveal that the allegations are not so inflammatory that they should be stricken from the petition. Further, it is possible that these allegations, if proven by plaintiff, will assist in the outcome of the litigation.
Finally, the State moves the Court to strike the plaintiffs' monetary demands as excessive. The prayers in all three petitions are in excess of the limitation provided for in LSA-R.S. 13:5106(B). This statute limits general damages recoverable in wrongful death actions against the State to five hundred thousand dollars. The State fails to recognize two essential points. The damage prayers are not only addressed to the State but are addressed to all defendants. Further, this statute does not limit a plaintiff's prayer for damages; it limits what the plaintiff may actually recover from the State. The trial court was correct in denying the State's motion to strike.
The State of Louisiana has, at the appellate level, filed an exception of no right of action. The law requires this Court to deny defendant's exception. An exception of no right of action addresses itself to whether the party it is asserted against has any interest in enforcing judicially the right alleged against the mover. LSA-C.C.P. articles 681; 927. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3rd Cir. 1984). The essential function of the exception is to provide a threshold device which terminates suits brought by one who has no interest in enforcing judicially the right asserted. Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254 (La. 1979); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir.1967); Meche, supra.
However, an exception of no right of action may not be brought to urge a defense to the effect that the plaintiff is without an interest because the defendant has a defense to plaintiff's action.
"The warrant of interest raised by the exception relates primarily to whether the particular plaintiff fails as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. Wischer v. Madison Realty Company, 231 La. 704, 92 So.2d 589." Bielkiewicz, supra, at page 142.
The State contends that if Charity Hospital did have a duty to notify the police of all gunshot victims, then this duty is only owed to the police, and thus, plaintiffs have no right to pursue a tort action on that basis. As we agreed with the trial court's determination that Charity Hospital did have a duty to the plaintiffs in its obligation to notify the police of all gunshot victims, we find that the State's exception of no right of action is without merit. The plaintiffs have alleged they were injured by the failure of the hospital to notify the police of Brook's medical treatment. We have stated previously that simply because a duty is public in nature, an individual who has been injured from a breach of that duty is not prevented from seeking *638 redress. The plaintiffs do have an interest in judicially seeking redress from the injuries allegedly sustained. The exception of no right of action is denied.
Accordingly, the judgment of the trial court maintaining the City's exception of no cause of action is reversed. The plaintiffs' actions are hereby reinstated.
Further, the judgment of the trial court denying the State's exception of no cause of action and motion to strike are affirmed. The denial of the defendants' exceptions of prescription is also affirmed.
The State's exception of no right of action is hereby denied.
AFFIRMED IN PART; REVERSED IN PART.