579 So.2d 506 (1991)
Faye Fletcher Wonycott, Wife of Charles Coleman WONYCOTT, Jr.
v.
Charles Coleman WONYCOTT, Jr.
No. 90-CA-1653.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1991.
*507 Milton Osborne, Jr., New Orleans, for plaintiff.
Margaret (Peggy) LeBlanc, LeBlanc, Strickler & Woolhandler, New Orleans, for defendant.
Before BARRY, WILLIAMS and BECKER, JJ.
WILLIAMS, Judge.
Plaintiff appeals the granting of defendant's peremptory exceptions raising the objections of no right of action and no cause of action dismissing her Rule to Fix Past Due Alimony, to Make Judgment Executory and for Contempt. We reverse and remand.
The parties were divorced in Florida by judgment April 25, 1974. The judgment ordered the husband to pay $20.00 alimony per week, granted custody to the father, and ordered him to pay $30.00 child support per week. The Florida court modified the judgment January 13, 1976, granting custody to the father and releasing the father from child support.
The plaintiff filed a Petition to Recognize Foreign Judgment in Civil District Court for the Parish of Orleans on December 20, 1977. That court rendered judgment October 10, 1978 recognizing the Florida judgment and making it a judgment of that court. It ordered that past due alimony and child support in the amount of $3,142.00 be made executory.
On November 28, 1989 the plaintiff filed the present rule in Civil District Court. She alleged the defendant had failed to pay alimony as required by the October 10, 1978 judgment and sought $11,440.00 in past due alimony. She also beseeched the court to find the defendant in contempt. The defendant then filed peremptory exceptions raising the objections of no cause of action, no right of action and prescription. He attached a September 13, 1979 judgment of the Florida court relieving the defendant of his alimony obligation. The trial court maintained the no cause of action and no right of action exceptions.
The peremptory exception raising the objection of no cause of action questions *508 whether the petition alleges grievances for which the law affords a remedy. Sajare Interests, Ltd. v. Esplanade Management, Inc., 459 So.2d 748 (La.App. 4th Cir.1984); Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981), writ den., 410 So.2d 1135 (La.1982). For the adjudication of the objection the well-pleaded facts of the petition are accepted as true. Reed v. Yor-Wil, Inc., supra. No evidence may be introduced at any time to support or controvert the objection. LSA-C.C.P. art. 931; Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La.App. 5th Cir.1983), on reh'ng, 454 So.2d 908 (La.App. 5th Cir. 1984). Contrary factual assertions are considered defenses which must be tried on the merits. Sajare Interests, Ltd. v. Esplanade Management, supra.
Similarily, an exception of no right of action addresses itself to whether the party it is asserted against has any interest in enforcing judicially the right alleged against the mover. LSA-C.C.P. arts 681; 927. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3rd Cir.1984). The essential function of the exception is to provide a threshold device which terminates suits brought by one who has no interest in enforcing judicially the right asserted. Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254 (La.1979); Thomas v. State, 545 So.2d 632 (La.App. 4th Cir.1989).
An exception of no right of action may not be brought to urge a defense to the effect that the plaintiff is without an interest because the defendant has a defense to plaintiff's action. Id.
The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. Wischer v. Madison Realty Company, 231 La. 704, 92 So.2d 589 [1956].
Bielkiewicz v. Rudisill, 201 So.2d 136, 142 (La.App. 3rd Cir.1967).
The plaintiff in this case has clearly stated a cause of action in seeking to enforce an alimony judgment in a court of competent jurisdiction. Similarly, she has a right of action since as a party to the judgment she is within the general class in whose favor the law grants the cause of action. The defendant has attempted to support his exceptions with evidence of the September 13, 1979 judgment. This evidence goes to the defense of the case and may be asserted in a motion for summary judgment or at trial on the merits. The evidence is not properly considered at a hearing on peremptory exceptions raising the objections of no cause of action and no right of action. In maintaining these exceptions, the trial court erred.

REVERSED AND REMANDED.