605 So.2d 633 (1992)
Joseph V. FRANKS, II
v.
ROYAL OLDSMOBILE COMPANY, INC. and General Motors Corporation.
No. 92-CA-268.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 1992.
Rehearing Denied October 19, 1992.
Robert B. Braiwick, Jr., William Delsa, New Orleans, for plaintiff/appellant.
Edwin A. Stoutz, Jr., New Orleans, for defendant/appellee Royal Oldsmobile Co., Inc.
Albert C. Miranda, Howard B. Kaplan, Robert Knight, Bernard, Cassisa, Saporito & Elliott, Metairie, for defendant/appellee General Motors Corp.
Before GOTHARD and CANNELLA, JJ., and ROBERT J. BURNS, J. Pro Tem.
*634 GOTHARD, Judge.
This suit arose from an action in redhibition filed by the alleged purchaser of a 1981 Oldsmobile vehicle against the dealer and manufacturer. The trial court maintained the defendants'"Exceptions of No Right of Action and/or No Cause of Action." The plaintiff has appealed the judgment.
The issues raised are whether the plaintiff has a legal right to bring the action in redhibition and whether he was subrogated to the original purchaser's rights and actions of warranty and redhibition against the vendor.
The suit was filed on September 10, 1986 by Joseph Franks, II against Royal Oldsmobile Company ("Royal Olds") and General Motors Corporation, alleging that he had purchased the vehicle from Royal Oldsmobile on January 8, 1981 and that it was defective. Royal Olds filed an exception of prescription, which was denied. On August 26, 1991, Royal Oldsmobile, joined by General Motors, filed a pleading styled, "Exceptions of No Right of Action and/or No Cause of Action." Judgment was signed granting those exceptions on October 31, 1991. This appeal followed.
Our review of the record reveals that in the "Exceptions" filed on August 26, 1991 the defendant averred that the plaintiff was not the purchaser of the automobile. Attached to the defendant's memorandum in support of the exceptions were copies of the invoice and the mortgage. Both show the purchaser as River Operators, Inc., although Joseph Franks, II's signature appears at the bottom of the invoice as purchaser and on the mortgage as mortgagor.
Franks then admitted in his memorandum in opposition to the exceptions that he had not been the original purchaser of the vehicle. The original purchaser was River Operators, Inc., a corporation in which plaintiff owned a significant interest. He alleged that the vehicle was used exclusively by plaintiff at all times since its purchase; on May 29, 1984, he purchased the vehicle from River Operators, Inc. when it filed for relief under Chapter 11 of the U.S. Bankruptcy Code, and assumed the Chattel Mortgage obligations due to G.M.A.C. Franks filed no evidence of having ever purchased the car as an individual.

No Right of Action
There is no single exception of no right and/or no cause of action. They are separate and distinct exceptions, each serving a particular purpose, with different procedural rules. Morton v. Washington Nat. Ins. Co., 420 So.2d 1019 (La.App. 5th Cir.1982). The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition, while the exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged by the plaintiff. Morton, supra.

Subrogation
The trial judge's reasons for judgment read in part as follows:
After reviewing the memoranda of counsel and the record, the Court finds that the plaintiff has no legal right to bring this suit for redhibition. It is admitted by the plaintiff that he was not the original purchaser of the automobile that is the subject of this suit. Plaintiff offers no evidence to substantiate his claim that the automobile was purchased in a bankruptcy proceeding. Because the plaintiff was not the original purchase (sic) of the automobile, he is without legal right to bring this redhibition suit.
The plaintiff argues that he, as the second purchaser, is subrogated to the original purchaser's rights and actions of warranty against the seller, Royal Olds. LSA-C.C. art. 2503 provides that, "whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others." This article has been interpreted to mean that a consumer/purchaser without privity may recover against the original seller in redhibition for breach of warranty. Theriot v. Commercial Union Ins. Co., 478 So.2d 741 (La.App. 3rd Cir.1985); Huffman-Euro Motors v. Physical Therapy, Etc., 373 So.2d 565 (La.App. 3rd Cir.1979).
*635 Articles 2520-2540 make it clear that the action in redhibition may be brought only by a buyer against a seller of property. Ready v. Rhea, 222 So.2d 560 (La.App. 2nd Cir.1969); Duhon v. Three Friends Homebuilders Corp., 396 So.2d 559 (La.App. 3rd Cir.1981). The existence of a sale to the buyer must be proven.
In this case the plaintiff has offered no proof at all to support his having purchased the vehicle. The documentary evidence in the record shows only that a corporation, River Operators, Inc., purchased the car in 1981. Consequently, as Franks was not a buyer, he has no right of action in redhibition against Royal Olds as seller or General Motors as manufacturer.
As the plaintiff's suit in redhibition is foreclosed by a judgment granting the exception of no right of action, we do not consider whether the petition stated a cause of action. Royal Olds alleged in brief that the appeal was frivolous and demanded attorney's fees. As the appellee failed to answer the appeal, it is not entitled to such damages. La.C.C.P. art. 2133(A).
Accordingly, the judgment appealed from is affirmed in part, not considered in part, and the plaintiff's claim is dismissed.
AFFIRMED IN PART, NOT CONSIDERED IN PART, AND CLAIM DISMISSED.