THIBODEAUX, Judge,
concurring in part and dissenting in part.
I concur in part for the sole purpose of remanding to the district court to allow the plaintiff to amend her petition to add other possible defendants.
I respectfully dissent from the majority opinion for the reasons assigned by Judge Cooks and for the following additional reasons.
The majority holds that plaintiffs petition was deficient in that it did not state a cause of action against the “Evangeline Parish Sheriffs Department.”
The plaintiffs petition asserts that the “Evangeline Parish Sheriffs Department, a political subdivision of the State of Louisiana ...” was being sued. For purposes of an exception of no cause of action, a court has to assume the correctness of this allegation. The legal sufficiency of the plaintiffs petition was, therefore, adequate to overcome the exception of no cause of action asserted by the Sheriffs Department. Given the correctness of this assertion for the purposes of the exception, it cannot be said that the law affords no remedy to Ms. Riley. See, e.g., Meche v. Arceneaux, 460 So.2d 89 (La.App. 3d Cir.1984). Because Ms. Riley’s petition was not attacked on any other ground, the Evangeline Parish Sheriffs Department was a proper party defendant and a legal entity capable of being sued and standing in judgment for the plaintiffs monetary relief.
The majority errs in sustaining the defendant’s exception of no cause of action.