636 So.2d 1029 (1994)
Willie R. ANDERS and Allen Johnson
v.
Joseph L. BOUDION, III, Sovereign Fire and Casualty Insurance Company and Automotive Casualty Insurance Company.
No. 93-CA-894.
Court of Appeal of Louisiana, Fifth Circuit.
March 29, 1994.
*1030 James C. Witcher, II, New Orleans, and William G. Legrand, Norman Mopsik, New Orleans, for plaintiffs/appellants, Willie R. Anders and Allen J. Johnson.
Bradford Walker, Metairie, for defendants/appellees, Sovereign Fire & Cas. Ins. Co. and Louisiana Ins. Guar. Ass'n.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
BOWES, Judge.
Plaintiffs-appellants, Willie Anders and Allen Johnson, appeal a judgment of the district court granting judgment in their favor in the amounts of $871.00 and $892.00, respectively. For the following reasons we annul and set aside the judgment and render judgment as follows hereinafter.

FACTS
Plaintiff, Allen Johnson, was one of two guest passengers in a 1966 Buick owned and driven by co-plaintiff, Willie Anders, on June 30, 1989. On that day the Buick collided with a truck owned and driven by the defendant, Joseph Boudoin, on Ames Boulevard in Marrero. Johnson and Anders filed this suit for damages.
Prior to trial on the merits, both the insurer of plaintiff Anders, and that of defendant were declared insolvent and LIGA (Louisiana Insurance Guaranty Association) was duly substituted as party defendant in place of defendant's insurer. Trial on the merits was held on January 6, 1993. At the close of the trial, the court took the case under advisement and on March 9, 1993, judgment *1031 was rendered in favor of plaintiffs and against LIGA, as follows in pertinent part:
"After considering the testimony, the exhibits introduced into evidence and the applicable law the Court considers the evidence to be in favor of plaintiff in part and defendant in part."
The court went on to grant plaintiff Anders $871.00 in damages against LIGA, and granted plaintiff Johnson $892.00. The court further ordered that each party bear its own costs. Plaintiffs timely requested reasons for judgment in accordance with LSA-C.C.P. art. 1917; however, the record does not disclose any response to plaintiffs' motion, and there are no oral reasons in the record.

ASSIGNMENTS OF ERROR
On appeal, plaintiffs aver that there is no evidence which justifies the Court's decision reducing the award in favor of them in the absence of a finding of fault on their part; that the court erred in not awarding a "full measure" of general and special damages; and that the failure of the trial court to provide written reasons for judgment renders the judgment invalid on its face.

ANALYSIS
When the trial judge fails to comply with a timely request for written findings of fact and reasons for judgment under LSA-C.C.P. art. 1917, the proper remedy for the aggrieved party is to apply for supervisory writs and move for remand of the case for the purpose of providing the trial judge an opportunity to comply with the request. Brocato v. Brocato, 369 So.2d 1083 (La.App. 1 Cir.1979); Seymour v. Seymour, 423 So.2d 770 (La.App. 4 Cir.1982). Here, appellants have neither applied for writs nor requested a remand; therefore, we reject this contention and shall proceed with the matter on the record before us.
Appellants are correct, however, in their assertion that the judgment as written is deficient. We agree with the analysis of the First Circuit in Scott v. State, 525 So.2d 689 (La.App. 1 Cir.1988):
The judgment and/or reasons for judgment are also deficient because they do not comply with LSA-C.C.P. arts. 1917 and 1812(C). Article 1917 provides as follows:
In nonjury cases to recover damages for injury, death or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code. These findings need not include reasons for judgment. (Emphasis added.)
Article 1812(C)(1)(b) provides as follows:
In cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to:
(1) Whether a party from whom damages are claimed, or the person for whom such party is legally responsible, was at fault, and, if so:
* * * * * *
(b) The degree of such fault, expressed in percentage.
LSA-C.C.P. art. 1812(C)(2), (3) and (4) continues thusly:
(2) If appropriate, whether another person, whether party or not, other than the person suffering injury, death, or loss, was at fault, and, if so:
(a) Whether such fault was a legal cause of the damages, and, if so:
(b) The degree of such fault, expressed in percentage.
(3) If appropriate, Whether there was negligence attributable to any party claiming damages, and, if so:
(a) Whether such negligence was a legal cause of the damages, and, if so:
(b) The degree of such negligence, expressed in percentage.
(4) The total amount of damages sustained as a result of the injury, death, or loss, expressed in dollars.
The judgment herein states that the evidence is partly in favor of both plaintiffs and defendants, but gives no percentages, or other indication of apportionment of fault. Further, we are unable to ascertain from the record how the trial court arrived at this *1032 conclusion or arrived at the amounts which it awarded each plaintiff, since neither the medical bills, nor the property damage, nor any costs of which we are aware, equal either amount. We are, therefore, compelled to conclude that the court committed reversible error in the rendition of its judgment in failing to comply with the requirements of LSA-C.C.P. arts. 1917 and 1812(C).
When the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989). The record before us is sufficiently complete to enable us to render a judgment on the merits as mandated by Rosell, supra.

EVIDENCE
At trial, photographs of the wrecked automobile were entered into evidence, along with the medical reports of each plaintiff, with the accompanying bills for services; and the estimate for property damage on the Anders' car, in the amount of $500.00, was also a matter of stipulation. Anders, Johnson, and two other witnesses testified that Anders was travelling in the left lane on Ames (at about 30 miles per hour according to plaintiffs) when the defendant's vehicle pulled suddenly in front of them, from a parking lot on the right hand side of the highway, in an attempt to make a left turn on Ames. The Anders vehicle collided head on with the defendant's truck. One of plaintiff's witnesses was another passenger in the Anders' car; the other was a pedestrian who was acquainted with Anders.
In his testimony, Mr. Boudoin stated that he got into his truck in the parking lot, started the engine and looked back three times before pulling out; as soon as he came off the curb, he was hit by plaintiff's car. He denied getting to the left lane of Ames at all, and denied that there was anything obscuring his vision on that night. Interrogatories answered by defendant, and introduced into evidence for impeachment purposes by plaintiffs, indicated that formerly, the defendant stated that he never had a clear vision. A police report was taken at the scene, but not admitted into evidence.
Taking the evidence as a whole, we find that it is most probable and the evidence preponderates decisively to the effect that the accident happened as plaintiffs and their witnesses described it. Even under defendant's description, had he looked carefully, he should have seen the Anders' vehicle, which was never characterized by any of the witnesses as speeding, and which all witnesses for plaintiff described as having had the headlights on. Plaintiff's independent witness, Mr. Williams, stated in his deposition that the Boudoin vehicle did not have its lights turned on. Given this evidence, we conclude that the defendant Boudoin was 100% at fault in causing the accident, and that plaintiffs were not at fault at all.
To determine damages, we have examined the testimony of the plaintiffs, as well as the medical reports that were stipulated into evidence. Mr. Johnson described the impact as heavy, causing him to hit his head on the window, with one leg hitting the front seat and one leg hitting the door. He said he felt pain at that time and sought medical treatment, but there was no other testimony regarding his damages. The medical report shows that he first went to a doctor on July 19, 1989. He suffered a cervical strain (objective symptoms were noted here as palpable spasm in the area), contusion of both knees (swelling and tenderness were noted in this area), a contusion of the right middle finger and a contusion of the head. Mr. Johnson attended nine therapy sessions and had five office visits; he was last seen on October 28, 1989. His medical bills totalled $784.00.
Mr. Anders stated that, upon impact, his right leg and hip were jammed, and his left leg slid inside the bottom panel of the car. He visited the doctor first on July 22, 1989. He stated that he still had problems "with my hip and stuff like that, ..." but had not been back to see a doctor for it. He testified that he doesn't do much walking anymore, as he used to do. His medical records, from the same physician, were similar to those of Mr. Johnson, indicating a cervical strain, (also *1033 with palpable spasm), lumbar strain (again with noticeable spasm), contusions on the chest, right hip and lift knee, where swelling and pain were noted. He had a total of five office visits. Mr. Anders also received eight therapy treatments and was also last seen on October 28, 1989. His medical bills totalled $743.00.
Considering the nature of the injuries to both plaintiffs, we find that a general damage award of $5,000.00, plus medical expenses will sufficiently compensate Mr. Johnson for his damages; and an award of $4,000.00 will sufficiently compensate Mr. Anders, along with his medical expenses and property damage of $500.00 to his auto (which damage was a subject of stipulation).

DECREE
For the forgoing reasons, the judgment of the district court is annulled and set aside and judgment is rendered in favor of the plaintiffs and against the defendant, LIGA, as follows:
Defendant Boudion is found to be 100% at fault in the accident, and plaintiffs are found to be without fault. Judgment is granted in favor of Allen Johnson in the amount of $5,000.00, plus $784.00 in medical costs; judgment is further granted in favor of Willie Anders in the amount of $4,000.00, plus $743.00 in medical costs, plus $500.00 for property damage to his automobile. Both judgments are to bear legal interest from date of judicial demand until paid.
All costs of the trial court and of this appeal are assessed against the sole remaining defendant LIGA.
TRIAL COURT JUDGMENT ANNULLED AND SET ASIDE; AND JUDGMENT RENDERED.