KIRBY, Judge.
 

 | iThis appeal arose from the interdiction of Mrs. Dorothy S. Randolph (“Mrs.Randolph”).
 
 [1]
 
 The defendant-appellant, Ann Randolph, and the plaintiffs-appellees, Allison B. Randolph, III, Penelope Randolph and Vaughn Randolph Fauria, are the adult children of Mrs. Randolph.
 

 The plaintiffs filed a petition for a temporary restraining order to enjoin their sister, Ann Randolph, from spending, transferring, alienating or encumbering $100,000.00 in funds contained in Merrill Lynch Account No. 594-16979, which was in Ann Randolph’s name. According to the petition, Ann Randolph had taken Mrs. Randolph, who suffered from severe Alzheimer’s disease, to the offices of Merrill Lynch and had her transfer $100,000.00 from Merrill Lynch Account No. 594-12768, Mrs. Randolph’s account, to Ann Randolph’s Merrill Lynch account. The plaintiffs alleged that the funds in Mrs. Randolph’s Merrill Lynch account were for their mother’s living and medical expenses. In response, Ann Randolph filed a motion to dismiss the petition for temporary restraining order, arguing that the transfer of funds to her account was, in fact, a donation from her mother.
 

 
 *196
 
 1 ^Meanwhile, the plaintiffs also filed a petition to interdict Mrs. Randolph. The two matters were consolidated, and the trial court appointed Dennis W. Moore as curator for Mrs. Randolph.
 

 Following a hearing, the parties entered into a consent judgment on June 30, 2008. Pursuant to the judgment, Mrs. Randolph was temporarily interdicted; a deadline was set on the production of records; all funds in Merrill Lynch Account No. 594-16979 were ordered frozen; $11,000.00 in funds in Merrill Lynch Account No. 960-10948751 (another account in Ann Randolph’s name) were ordered transferred to the trust account of curator Dennis W. Moore for the ongoing care of Mrs. Randolph. The judgment also ordered that the issue of the propriety of the alleged act of donation by Mrs. Randolph to Ann Randolph would be considered by the court at the hearing on the permanent interdiction.
 

 The hearing on the permanent interdiction was held on August 28, 2009. At that time, the parties entered into a consent judgment, which the trial court signed on September 11, 2009. Pursuant to the judgment, Mrs. Randolph was permanently interdicted; Dennis W. Moore was dismissed as curator; Allison B. Randolph, III was appointed curator; Vaughn Randolph Fauria was appointed undercurator; and, all funds, with the exception of $85,550.00, were unfrozen and released by Merrill Lynch into the custody and control of curator, Allison B. Randolph, III.
 

 Ann Randolph filed a notice and motion for a suspensive appeal of the September 11, 2009 judgment, which the trial court granted. The plaintiffs ^responded by filing a motion for a contradictory hearing and a motion for new trial on the notice of filing of appeal, arguing that Ann Randolph could not appeal the consent judgment, citing La. C.C.P. art. 2085
 
 [2]
 
 .
 

 Following a contradictory hearing on November 23, 2009, the trial court rendered a judgment which granted the plaintiffs’ motion for new trial and denied Ann Randolph’s notice of appeal. Seeking a review of the November 23, 2009 judgment, Ann Randolph filed a motion and notice of appeal as well as a “motion for supervisory writs.” The trial court granted her notice of appeal.
 

 Ann Randolph raises one issue in her appeal brief, whether the transfer of the funds by Mrs. Randolph to her prior to the filing of the petition for interdiction constituted a valid donation. The transcript from the November 23rd contradictory hearing reflects that the trial court never considered the issue of the validity of the alleged act of donation at either that hearing or the hearing on the permanent interdiction, despite its previous order. Because the trial court has never adjudicated the issue, there is nothing for us to review in this appeal.
 

 Accordingly, Ann Randolph’s appeal from the November 23, 2009 trial court judgment is dismissed.
 

 APPEAL DISMISSED.
 

 [1]
 

 . At the oral argument in May, 2010, the parties informed the court that Mrs. Randolph had died on April 11, 2010.
 

 [2]
 

 . La. C.C.P. art. 2085 provides, in part, "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.”