MICHAEL E. KIRBY, Judge.
 

 |! Oakbrook Ventures, LLC, and its individual members, Robert Dronberger, Jeff Posey, and Troy Brosious, appeal the March 3, 2010 trial court judgment, the March 23, 2010 denial of them motion for new trial and all interlocutory rulings issued prior to March 3, 2010.
 

 This litigation began with a petition for specific performance of a contract to sell realty filed on October 24, 2008 by plaintiffs, Recovery Development Group, LLC, Next Generation Homes, LLC (“NGH”) and the Debore Group, LLC, against defendants National Baptist Convention of America, Inc. (“NBCA”), Dr. Russell Odom, Oakbrook Venture, LLC, Special Projects Division, LLC and Bring Back the 9th, LLC. The June 2007 contract referred to in the original petition is an “Option to Purchase,” under which the NBCA agreed to sell a certain piece of property to NGH on the condition that “NGH will cause a loan of $300,000.00 at 0% interest per annum with a 30 day maturity to be made to the NBCA to purchase the subject property encumbered only by City of New Orleans taxes
 
 &
 
 liens and will pay $100,000.00 to NBCA for an option to purchase the subject property for li>an additional $100,000.00.” According to the terms of the agreement, once these conditions were met, NBCA was to then have the taxes and liens removed from the property.
 

 
 *1129
 
 Plaintiffs alleged, among other things, that Dr. Russell Odom, Special Projects Director for the NBCA, has attempted to transfer title, possession and/or ownership of the subject property to one or more of the entities that he controls (including, but not limited to Oakbrook Venture, LLC, Special Projects Division, LLC and Bring Back the 9th, LLC) or to other third parties, “in furtherance of his scheme to defraud the petitioners and deny them possession of the subject properties pursuant to their rights under the option agreement.” An Act of Sale did not take place between the parties named in the petition.
 

 The record shows that on August 15, 2008, NBCA entered into a joint venture agreement with Dronberger Construction involving the creation of a business entity (later named Oakbrook Ventures, LLC) for the purpose of developing for sale and/or lease a tract of land located in the area known as New Orleans East. The terms and conditions of the joint venture were set forth in the agreement. One of the terms was that Dronberger Construction was to pay NBCA, the owner of the land, the sum of $1,500,000.00, in return for NBCA contributing the land to the joint venture. Both parties to the joint venture also agreed that an additional sum of $200,000.00 was to be paid to Dr. Odom for expense reimbursement upon close of escrow of permanent financing for the project.
 

 laOn September 10, 2008, the members of Oakbrook Ventures, LLC executed an operating agreement to govern the relationship of the members and the operation of the company. At the time the operating agreement was executed, the members of Oakbrook Ventures, LLC, were Robert J. Dronberger, NBCA, Troy Brosious, Jeff Posey and Dr. Odom. NBCA and Dr. Odom each had a 25% interest in the company, Mr. Dronberger had 16.667%, and Mr. Brosious and Mr. Posey each had 16.666%. The operating agreement also listed the amount to be paid by each member as an initial capital contribution.
 

 NBCA sold the property at issue to Oakbrook Ventures, LLC on September 18, 2008, with Dr. Odom signing the Act of Sale on behalf of both the seller and buyer. Dr. Odom signed as the duly authorized agent of NBCA and as co-manager of Oak-brook Ventures, LLC. The relationship among the Oakbrook members deteriorated over the next several months, culminating with the ouster of Dr. Odom and NBCA from Oakbrook Ventures, LLC, by the other three members.
 

 On August 14, 2009, NBCA and Dr. Odom filed a third party demand against Mr. Dronberger, Mr. Posey and Mr. Brosious (“hereinafter referred to as the Dron-berger group”) and Oakbrook Ventures, LLC, requesting a declaratory judgment and injunctive relief. In this demand, NBCA and Dr. Odom denied the suggestion made by plaintiffs in the original petition that the creation of Oakbrook Ventures, LLC was a sham. However, NBCA and Dr. Odom alleged that since the time that the original petition was filed, the Dronberger group’s failure to comply with its obligations under the joint venture agreement between NBCA, Dr. Odom |4and the Dronberger group have rendered the agreement a
 
 “nudum pactum.”
 
 A
 
 nu-dum pactum
 
 is defined in Black’s Law Dictionary, Ninth Edition, as “an agreement that is unenforceable as a contract because it is not ‘clothed’ with consideration.”
 

 The third party plaintiffs asked the trial court to enter a declaratory judgment ruling that the Dronberger group has no interest in the property at issue because it failed to fund the project as it agreed to do in the joint venture agreement. The third party plaintiffs also argued that the Sep
 
 *1130
 
 tember 10, 2008 operating agreement of Oakbrook Ventares, LLC, should be declared null and void because the third party defendants did not pay the $1,500,000.00 required for and in consideration of the NBCA’s contribution of the land at issue. NBCA and Dr. Odom further alleged that despite the Dronberger group’s failure to pay the $1,500,000.00 in connection with the joint venture agreement, the group has seized control of Oakbrook Ventures, LLC, by ousting Dr. Odom and the NBCA on spurious grounds. The third party plaintiffs also requested injunctive relief precluding the Dronberger group from taking any action to conduct the affairs of Oak-brook Ventures, LLC, and from disposing of the property at issue.
 

 Subsequent to the filing of the third party demand, Oakbrook Ventures, LLC (now comprised only of the Dronberger group) filed a peremptory exception of no right or cause of action against the original plaintiffs’ claim of an ownership interest in the subject property. Oakbrook argued that the- only way plaintiffs could have had a right to rescind the sale of the subject property to Oakbrook Ventures, |SLLC is if they had exercised the option to purchase set forth in the June 2007 contract referenced in the original petition. Oak-brook Ventures, LLC, argued that the option to purchase has expired and is no longer a viable contract.
 

 NBCA then filed a cross-exception of no right of action and opposition to Oak-brook’s exception of no right of action. NBCA stated that it excepted to the pleadings filed by Oakbrook Ventures, LLC, which NBCA calls a legally non-existent entity, on the grounds that the creation of the LLC and the transfer of title to the LLC are both nullities. Therefore, according to NBCA, it is Oakbrook Ventures, LLC, that has no right of action to even bring an exception against the original plaintiffs. NBCA argues that it has standing to oppose the exception filed by Oakbrook against the original plaintiffs because of the settlement of all disputes between NBCA and NGH, and because those parties are now aligned against the claims of Oakbrook Ventures, LLC, whose organization and existence is a
 
 nudum pactum
 
 according to NBCA.
 

 Following the February 11, 2010 hearing on the exception filed by Oakbrook Ventures, LLC and the cross-exception filed by NBCA, the trial court rendered judgment on March 3, 2010, denying the exception of no right of action filed by Oakbrook Ventures, LLC, and granting the exception of no right of action filed by NBCA. The trial court incorrectly states in its judgment that the cross-exception of no right of action was also filed by Dr. Odom. However, a review of that pleading reveals that it was filed by NBCA only. In addition to granting the cross-exception of no right of action filed by NBCA against Oak-brook Ventures, | fiLLC, the trial court judgment also included numerous other rulings even though, according to the judgment, the only matters that came before the court for hearing on February 11, 2010 were the two exceptions filed by Oakbrook Ventures, LLC, and NBCA. Oakbrook Ventures, LLC, and its individual members, (hereinafter referred to as “Oak-brook”), now appeal.
 

 On appeal, Oakbrook first argues that the trial court erred in adopting the oral argument of one of the attorneys as her reasons for judgment. After noting that the oral arguments from the hearing were transcribed, the court stated that she was basing her granting of NBCA’s cross-exception of no right of action on the arguments of Mr. Henry Klein, counsel for NBCA. Oakbrook argues on appeal that the trial court’s adoption of NBCA’s counsel’s arguments as her reasons for judg
 
 *1131
 
 ment constitutes noncompliance with La. C.C.P. article 1917, which provides that the court shall give written findings of fact and reasons for judgment when requested to do so by a party. We disagree.
 

 In
 
 Mack v. City of Baton Rouge,
 
 2006-0140 (La.App. 1 Cir. 4/4/07), 960 So.2d 1008, the trial court filed the transcript of its oral reasons for judgment into the record in response to plaintiffs request for written findings of fact and reasons for judgment pursuant to La. C.C.P. article 1917. The First Circuit rejected plaintiffs argument that the transcript containing oral reasons was not sufficient to comply with La. C.C.P. article 1917, finding that the plaintiff had an opportunity to review the written reasons prior to perfecting his appeal. In this case, although the trial court’s reasons were the transcribed oral argument of counsel instead of the 17transcribed oral reasons of the court, we find that the same concept applies. Oak-brook had an opportunity to review the reasons for judgment in the transcript of the hearing prior to perfecting its appeal.
 

 The eases cited by Oakbrook are distinguishable from the instant case. In
 
 Alexis v. Conley,
 
 582 So.2d 564 (La.App. 1 Cir. 1988), the trial judge told the party requesting written reasons to contact the court reporter and request a transcription of the reasons. The First Circuit found that it is the trial judge’s responsibility to provide written reasons, and not the responsibility of a party litigant to contact a court reporter to request a transcript.
 
 Id.
 
 at pp. 564-556. Finding that the trial judge’s action was insufficient to comply with La. C.C.P. article 1917, the First Circuit noted that a party litigant may find a need to review reasons for judgment prior to taking an appeal.
 
 Id.
 
 at p. 565. In the instant case, the arguments of counsel that the trial court adopted as reasons for judgment were already transcribed when the reasons for judgment were issued. Therefore, Oakbrook had the opportunity to review these reasons before taking its appeal.
 

 In the case of
 
 Anders v. Boudion,
 
 93-894 (La.App. 5 Cir. 3/29/94), 636 So.2d 1029, the trial court awarded damages to two plaintiffs for injuries suffered in a vehicular collision. Despite plaintiffs’ request for written reasons for judgment in accordance with La. C.C.P. article 1917, the trial court did not issue written reasons and no oral reasons appeared in the record. The Fifth Circuit found that the trial court committed reversible error in failing to comply with the requirements of La. C.C.P. articles 1917 and 1812(C) (relative to cases involving lathe recovery of damages for injury, death or loss). In the instant case, the trial judge issued written reasons for judgment, in which she stated that she was adopting as reasons the arguments offered by counsel for NBCA at the hearing on the exceptions, and that those arguments had already been transcribed. As stated above, we find that the trial court in this case complied with La. C.C.P. article 1917.
 

 Oakbrook next argues that the trial court erred as a matter of law in refusing to allow it to offer evidence on its exception of no right of action. Oakbrook cites La. C.C.P. article 931, which states, in pertinent part:
 

 On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
 

 In support of its argument that the trial court rebuffed its attempts to offer evidence at the hearing, Oakbrook cites three statements made by the trial court. A review of the transcript shows that none of the trial court’s statements cited by Oak-
 
 *1132
 
 brook were made in response to an attempt by Oakbrook to introduce evidence. Even if Oakbrook had tried to offer evidence, and the trial court had refused to accept it, Oakbrook would have been required to proffer such evidence. It is incumbent upon a party who contends that its evidence was improperly excluded to make a proffer of such evidence pursuant to La. C.C.P. article 1636.
 
 Ritter v. Exxon Mobile [sic] Corporation,
 
 2008-1404, p. 9 (La.App. 4 Cir. 9/9/09), 20 So.3d 540, 546. If it fails to do so, the party is precluded from raising this issue Ison appeal.
 
 Id.
 
 The transcript does not show that any proffer was made by Oakbrook. This assignment of error is without merit.
 

 We will consider assignments of error three, five and six together as they all relate to Oakbrook’s position that counsel for NBCA, Henry Klein, should have been disqualified from representing NBCA because he formei'ly represented Oakbrook Ventures, LLC. In assignment of error three, Oakbrook argues that the trial court erroneously entertained NBCA’s cross-exception of no right of action as an opposition to Oakbrook’s motion to disqualify Mi". Klein. In assignment of error five, Oak-brook argues that the trial court should have construed the cross-exception as an exception of lack of procedural capacity, and should have considered Mr. Klein’s prior representation of Oakbrook as a waiver thereof. In assignment of error six, Oakbrook argues that the trial court erred in failing to disqualify Mr. Klein.
 

 With regard to assignments of error three and five, we find nothing in the record to support the conclusion of counsel for Oakbrook that NBCA’s cross-exception was entertained by the trial court as an opposition to Oakbrook’s motion to disqualify Mr. Klein. Additionally, a reading of the cross-exception does not support Oakbrook’s argument that this pleading was actually an exception of lack of procedural capacity. The gist of the cross-exception is that Oakbrook has no right of action in this case because the joint venture agreement creating Oakbrook Ventures, LLC is a
 
 nudum pactum,
 
 and therefore, Oakbrook Ventures, LLC is a non-existent entity. As for assignment of error six, Oakbrook’s motion to 1 ^disqualify Mr. Klein was never heard by the trial court. For that reason alone, it is not properly before this Court in this appeal.
 
 See Randolph v. Randolph,
 
 2009-1709, p. 3 (La.App. 4 Cir. 8/10/10), 46 So.3d 195, 196; La. C.C.P. article 2164.
 

 In its remaining assignment of error, Oakbrook argues that the trial court erred in entering judgment on the merits of this case when the only matters before the court were Oakbrook’s exception of no right of action and NBCA’s cross-exception of no right of action. This assignment has merit.
 

 In the judgment appealed from, the trial court denied Oakbrook’s exception of no right of action against the original plaintiffs, and granted NBCA’s cross-exception of no right of action against Oakbrook. In addition to these rulings, the trial court issued numerous other rulings relative to the merits of this case.
 

 The appellate court reviews the granting of exceptions of no right of action
 
 de novo
 
 because these exceptions involve questions of law.
 
 B-G & G Investors VI, L.L.C. v. Thibaut HG Corporation,
 
 2008-0093, p. 2 (La.App. 4 Cir. 5/21/08), 985 So.2d 837, 840. In
 
 Touzet v. V.S.M. Seafood Services, Inc.,
 
 96-0225, pp. 2-3 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1012-1013, this Court explained the function of the exception of no right of action as follows:
 

 The peremptory exception of no right of action questions whether the party
 
 *1133
 
 against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor.
 
 Thomas v. State of Louisiana,
 
 545 So.2d 632 (La.App. 4th Cir.),
 
 writ denied,
 
 551 So.2d 639 (La.1989). When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted.
 
 In re G.E.T.,
 
 529 So.2d 524 (La.App. 1st Cir. 1988). The exception does not raise the question of the plaintiffs ability to prevail on the merits nor [sic] the question of whether the defendant may have a valid defense.
 
 Duplessis Cadillac, Inc. v. Creative Credit Services, Inc.,
 
 597 So.2d 1155 (La.App. 1st Cir.1992).
 

 Because the trial court ruled on the merits of this case in addition to ruling on the two exceptions, the portions of the judgment other than the denial of Oakbrook’s exception and the granting of NBCA’s cross-exception must be vacated.
 

 Although Oakbrook’s notice of appeal stated that it was appealing the March 3, 2010 judgment, the March 30, 2010 denial of new trial motion and all interlocutory rulings, its brief only addresses the granting of the cross-exception of no right of action in favor of NBCA. The trial court agreed with NBCA that the Oakbrook parties have no right of action in this case because they never put up the funding for the project at issue as required of them in the joint venture agreement with NBCA and Dr. Odom for the creation of Oakbrook Ventures, LLC. Without this funding, Oakbrook Ventures, LLC, never came into existence, and the joint venture agreement became a
 
 nudum pactum,
 
 or “an agreement that is unenforceable as a contract because it is not ‘clothed’ with consideration.” We agree with the trial court’s finding that Oakbrook Ventures, LLC has no right of action to bring an exception against the original plaintiffs.
 

 Accordingly, for the reasons stated above, the portion of the trial court judgment denying Oakbrook’s exception of no right of action as to the original plaintiffs and granting NBCA’s cross-exception of no right of action as to Oakbrook Ventures, LLC is affirmed. All other rulings in the March 3, 20101 ^judgment are hereby vacated. This matter is remanded to the trial court for further proceedings.
 

 AFFIRMED IN PART; VACATED IN PART; REMANDED.