TERRI F. LOVE, Judge.
|/The parents of a child, who died before birth, filed suit against the treating doctor, treating nurse, and the Louisiana Medical Mutual Insurance Company seeking damages for the child’s death. The Louisiana Medical Mutual Insurance Company filed a peremptory exception of no right of action against the alleged father alleging he did not formally file a filiation action as to the deceased child. Therefore, the Louisiana Medical Mutual Insurance Company alleges that Louisiana law affords the father no remedy. The trial court sustained the exception. We find that the Louisiana Supreme Court’s recent pronouncement affords the father a remedy, as his petition alleges sufficient facts for an avowal action. Therefore, we reverse and remand for proceedings consistent with this opinion.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 5, 2010, Glenda Caceras and the alleged father of her unborn child, Jesus Acevedo visited Dr. Kevin Work’s medical office on Canal Street for a routine visit and an ultrasound. Ms. Heyzel Reta- *277 na, a nurse working in Dr. Work’s office, instructed Ms. Caceras to ingest three white pills. When Ms. Caceras asked about the reason for the pills, Ms. Retana allegedly stated that the pills were “to [ 2aIlow the uterus to contract and just go ahead and take them.” Ms. Caceras suffered abdominal cramps and contractions after ingesting the pills administered. While in the exam room, Ms. Caceras informed Ms. Retana that she was there for an ultrasound. Then Ms. Retana allegedly instructed Ms. Caceras to regurgitate the pills. Following a pelvic exam, Dr. Work prescribed medication for an infection. Later that evening, Mr. Acevedo took Ms. Caceras to the emergency room at Oehs-ner Medical Center — West Bank, in Gret-na, Louisiana. Ms. Caceras’ unborn baby, determined to be sixteen weeks and six days along, died.
On March 3, 2011, within one year of the child’s death, Ms. Caceras, individually and on behalf of her deceased child, and Mr. Acevedo (collectively “Plaintiffs”) filed a petition for damages against Dr. Work, Ms. Retana, and the Louisiana Medical Mutual Insurance Company (“LAMMI-CO”) alleging that Dr. Work’s and Ms. Retana’s actions caused the death of her unborn baby. Attorney David Band then filed a petition for intervention asserting that he was previously retained by the Plaintiffs to represent them in the litigation. LAMMICO filed exceptions of no cause of action, no right of action, and lack of procedural capacity against the Plaintiffs. Subsequently, LAMMICO also filed a motion for partial summary judgment contending that Dr. Work’s insurance policy did not provide coverage for Ms. Reta-na. Mr. Acevedo filed an exception of insufficiency of citation and no right of action against Attorney Band.[1] Dr. Work filed an exception of prematurity because the medical review panel was not convened prior to the Plaintiffs filing suit. After the filing of numerous oppositions to all of the exceptions, LAMMICO withdrew its exceptions of no right of action and lack of | .¡procedural capacity against Ms. Caceras due to the hospital records she attached to an opposition.[2]
The trial court granted LAMMICO’s peremptory exception of no right of action regarding Mr. Acevedo. Further, the trial court granted LAMMICO’s motion for partial summary judgment and held that Ms. Retana was not covered by LAMMI-CO’s insurance policy. The trial court also granted LAMMICO’s exception of no cause of action regarding survival actions on behalf of the deceased child. As to Dr. Work’s exception of prematurity, the trial court granted the exception, but dismissed the Plaintiffs’ claims without prejudice so the claims could be refiled following the medical review panel proceedings. Mr. Acevedo filed a motion for new trial, which the trial court denied. Mr. Acevedo subsequently filed a devolutive appeal of the trial court’s judgment granting LAMMI-CO’s peremptory exception of no right of action.
Mr. Acevedo asserts that the trial court erred because 1) Louisiana law does not require a filiation proceeding to pursue a wrongful death action pursuant to La. C.C. art. 2315.2, 2) if a filiation proceeding is required, the petition for damages is sufficient, and 3) that the trial court erred by disregarding evidence introduced at the hearing on the exception.

*278
STANDARD OF REVIEW

A trial court’s ruling on a peremptory exception of no right of action is reviewed by appellate courts with the de novo standard of review because the exception deals with a question of law. Recovery Dev. Group, LLC, Next Generation Homes, LLC v. Nat’l Baptist Convention of Am., Inc., 10-1086, p. 10 (La.App. 4 Cir. 4/20/11), 63 So.3d 1127, 1132.

NO RIGHT OF ACTION

Mr. Acevedo contends that the trial court erred in granting LAMMICO’s exception of no right of action because Louisiana law does not require a separate filiation proceeding and that the allegations in the petition constitute an act for filiation. While the issue of filiation with a child not born alive is a res nova issue for this Court, given the Louisiana Supreme Court’s recent pronouncements in Udomeh v. Joseph, 11-2839 (La.10/26/12), 103 So.3d 343, we find that Mr. Acevedo’s assertions are meritorious.
“The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” La. C.C.P. art. 923. The exception of no right of action is a peremptory exception. La. C.C.P. art. 927. The Louisiana Revised Statutes provide that “[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.” La. C.C.P. art. 934.
This Court described the function of a peremptory exception of no right of action as follows:
The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor. Thomas v. State of Louisiana, 545 So.2d 632 (La.App. 4th Cir.), writ denied, 551 So.2d 639 (La.1989). When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. In re G.E.T., 529 So.2d 524 (La.App. 1st Cir.1988). The exception does |snot raise the question of the plaintiffs ability to prevail on the merits nor [sic] the question of whether the defendant may have a valid defense. Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155 (La.App. 1st Cir.1992).
Recovery Dev. Group, LLC, 10-1086, pp. 10-11, 63 So.3d at 1132-33, quoting Touzet v. V.S.M. Seafood Servs., Inc., 96-0225, pp. 2-3 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1012-1013. “[E]vidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition” at the hearing on the peremptory exception. La. C.C.P. art. 931.
LAMMICO contends that Mr. Acevedo does not have a right of action for wrongful death because he failed to file a formal filiation proceeding within a year of the death of the deceased child. “Filiation is the legal relationship between a child and his parent.” La. C.C. art. 178. “Filiation is established by proof of maternity or paternity or by adoption.” La. C.C. art. 179. The 2012 Electronic Pocket Part Update provides that “[p]roof of maternity or paternity may consist of evidence including factual circumstances that create presumptions of paternity, testimony, documents, or the results of scientific tests.” La. C.C. art. 179. “[T]he action shall be instituted no later than one year from the day of the *279 death of the child” and “[t]he time periods in this Article are peremptive.” La. C.C. art. 198.
La. C.C. art. 26 provides:
An unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception. If the child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from its wrongful death.
“The surviving father and mother of the deceased, or either of them if’ the deceased “left no spouse or child surviving,” may recover damages if the deceased died “due to the fault of another.” La. C.C. art. 2315.2. The Louisiana Supreme Court Lheld that the parents of a child that is born dead may recover for the child’s wrongful death. Danos v. St. Pierre, 402 So.2d 633, 639 (La.1981). The Louisiana Supreme Court held that a father must file an avowal action in order to bring a wrongful death action regarding a deceased child. Udomeh, 11-2839, p. 8, 103 So.3d at 348.
Although the Plaintiffs did not title their petition for damages, which was filed within a year of the child’s death, alternatively as an action for filiation, they set forth facts regarding Mr. Acevedo’s alleged paternity of the deceased child. “Louisiana’s Code of Civil Procedure uses a system of pleading based upon the narration of factual allegations.” Udomeh, 11-2839, p. 8, 103 So.3d at 348. “No technical forms of pleading are required” in Louisiana. La. C.C.P. art. 854. “Every pleading shall be so construed as to do substantial justice.” La. C.C.P. art. 865. “Harsh, technical rules of pleadings are not favored in Louisiana in order to arrive at the truth and avoid miscarriages of justice.” Reese v. State Dep’t. of Pub. Safety & Corr., 03-1615, p. 7 (La.2/20/04), 866 So.2d 244, 249. “[A] final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.” La. C.C.P. art. 862. The Court stated that La. C.C.P. art. 862 permitted “courts to render substantive justice on the basis of facts pleaded and to refuse to permit a denial of substantive rights due to technical defects of language or characterization of the case.” Udomeh, 11-2839, p. 9, 103 So.3d at 348-49. The Court further provided that
“So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence.” Greemon [v. City of Bossier City], 10-2828, 11-0039 at 8 [ (La.7/1/11) ]; 65 So.3d [1136] at 1268 (quoting Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848, 855 (La.1974)). However, due process requires adequate notice to the parties of the matters to be adjudicated. Sylvester [v. Fontenot], 10-1115 at 13 [ (La.App. 3 Cir. 3/9/11) ]; 58 So.3d [675] at 683.
Udomeh, 11-2839, p. 9, 103 So.3d at 349.
“Whether a particular pleading can reasonably be construed as an action for filiation, however, should be determined on a case-by-case basis.” In re Bester, 00-2208, p. 7 (La.App. 4 Cir. 9/18/02), 828 So.2d 644, 648. The Louisiana Supreme Court held that if the “bare allegations” in the original petition “show an attempt to set forth a filiation action,” then sufficient facts existed to place the defendants on notice that filiation was at issue. Reese, 03-1615, p. 10, 866 So.2d at 250.
The Louisiana Supreme Court recently examined a similar situation in Udomeh, wherein a father filed for wrongful death damages when Fidel Udomeh’s previously *280 unfíliated minor son was murdered by his own mother. Udomeh, 11-2839, p. 3, 103 So.3d at 345. Upon reviewing the petition, the Court determined that Mr. Udomeh had “set forth the material facts necessary for an avowal action.” Udomeh, 11-2839, p. 10, 103 So.3d at 349. The Louisiana Supreme Court found that Mr. Udomeh’s “petition alleges a biological relationship between the pleader and the child, as well as his support and acknowledgement of the child. These allegations provided the state defendants with adequate notice of the issue of Udomeh’s paternity.” Udomeh, 11-2839, p. 10, 103 So.3d at 349. In conclusion, the Court stated that:
[w]e conclude Udomeh’s petition sets forth sufficient facts to state an avowal action and provide notice to defendants of the issue of Udomeh’s paternity. This is in accord with La.Code Civ. Proc. art. 862 and the general rules that pleadings should be construed in such a manner as to achieve substantial justice, and harsh, technical rules of pleading are not favored. La.Code Civ. Proc. arts. 854, 865. As Udomeh filed his petition within one year of S.U.’s death, his avowal action is timely under La. Civ.Code art. 198, and his right to bring an avowal action is not perempted as long as the present action is pending. See La. Civ.Code art. 3461, Official Revision Comments (c) (“when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462, the right has been exercised and so long as the action is pending the lapse of the period of per-emption does not extinguish the right.”). As the determination of whether a party has pled sufficient facts under Article 862 to be entitled to certain relief must necessarily be decided on a case-by-case basis, our ruling in this particular matter is limited to the facts adduced in this record.
Udomeh, 11-2839, pp. 14-15, 103 So.3d at 351-52.
Because La. C.C. art. 198 is per-emptive in nature, Mr. Acevedo cannot amend the original petition to allege additional facts, pursuant to La. C.C.P. art. 934. Udomeh, 11-2839, p. 8, 103 So.3d at 348. Accordingly, we must determine if the Plaintiffs alleged sufficient facts in the original petition to entitle him relief under Udomeh,[3] In the original petition, the Plaintiffs asserted that they were involved in an intimate relationship and that Mr. Acevedo was the biological father of the deceased child. The facts also contend that Mr. Acevedo attended the routine visit and ultrasound appointment when Ms. Caceras was given the three white pills by Ms. Retana. Further, the Plaintiffs claim that Mr. Acevedo accompanied Ms. Cacer-as to the emergency room. Our review of the original petition demonstrates that Mr. Acevedo was attempting to assert the paternity of the deceased child. Additionally, LAMMICO would have had adequate notice that | 9Mr. Acevedo’s paternity would be an issue in the litigation. Although Mr. Acevedo did not specifically request a determination of paternity, in order to achieve substantial justice, we find, based *281 on the facts and circumstances in the case sub judice, that the original petition sets forth sufficient information to be construed as an action for filiation as well as a petition for damages.[4] Mr. Acevedo demonstrated that he was attempting to behave as the father of the deceased child and none of these factual representations were contested by Ms. Caceras. Therefore, we reverse the trial court’s granting of LAM-MICO’s exception of no right of action and remand for further proceedings consistent with this opinion.

DECREE

For above-mentioned reasons, we find that the trial court erred in granting LAMMICO’s exception of no right of action in light of the Louisiana Supreme Court’s holding in Udomeh. Therefore, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED
McKAY, C.J., concurs.

. Attorney Band later filed an amending petition for intervention, which added David Band, A Profession Law Corporation.

. LAMMICO reasoned that the hospital records established that Ms. Caceras was indeed the mother of the deceased child.

. The trial court’s hearing and judgment regarding LAMMICO's exception of no right of action occurred prior to the Louisiana Supreme Court’s holding in Udomeh, which reversed the previous Third Circuit holding in Udomeh v. Joseph, 11-342 (La.App. 3 Cir. 10/5/11), 75 So.3d 523, 524, reh’g denied (11/23/11), writ granted, 11-2839 (La.3/30/12), 85 So.3d 100 and rev'd, 11-2839 (La. 10/26/12), 103 So.3d 343, reh’g denied (11/30/12). LAMMICO relied upon the Third Circuit's holding to bolster the position that Mr. Acevedo did not possess a right of action. The record does not contain reasons for the trial court’s ruling. The transcript provides that the trial court judge took the exception of no right of action as to Mr. Acevedo under advisement.

. LAMMICO never pleaded the dilatory exception of improper cumulation. Thus, the exception is waived. La. C.C.P. art. 926(B).