JAMES F. McKAY III, Chief Judge.
|,In this case, involving the disposal of assets of a former limited liability company, the defendant, Angela Discon Smith, appeals the trial court’s judgment in favor of the plaintiff, John F. Kelly, III. Ms. Smith also raises the peremptory exception of no right of action for the first time in this Court. For the following reasons, we affirm the judgment of the trial court and deny the exception.
FACTS AND PROCEDURAL HISTORY
In August of 2002, Angela Discon Smith and John F. Kelly, III entered into a business relationship and formed two limited liability companies, 741 Lang Street, L.L.C. and Rent to Own Properties, L.L.C.[1] The purpose of these companies was to purchase residential properties in the New Orleans metropolitan area and have interested persons enter into a lease purchase agreement for a rental fee.
At the time the companies were formed and during their existences, Ms. Smith was employed by Keller Williams as a licensed real estate agent. Mr. Kelly | ¡unvested $35,000.00 of his personal funds as seed money for the businesses. The parties agreed that all profits derived from the businesses were to be split equally between them, including, but not limited to, the commissions that Ms. Smith received from her employment with Keller Williams.
While Mr. Kelly and Ms. Smith were both members of Rent to Own Properties, the company acquired several pieces of property that were leased to tenants. The company also paid a $5,000.00 deposit for the purchase of a property located at 956-958 Robert E. Lee Boulevard in New Orleans, but Ms. Smith allegedly caused the company to default on the contract for the purchase of that property by failing to timely apply for an extension, which resulted in the loss of the deposit. Mr. Kelly also alleges that Ms. Smith never deposited any of her sales commissions from Keller Williams into the company’s bank account.
On February 21, 2003, the articles of organization of Rent to Own Properties were amended to allow Ms. Smith to surrender her interest and transfer her rights in the company to Mr. Kelly. This was done because Ms. Smith no longer wanted to be involved in the company. On May 20, 2003, Ms. Smith’s name was removed from the Rent to Own Properties bank account. However, Ms. Smith retained the right as agent to collect rental payments *647 from lessees currently renting properties from Rent to Own Properties but relinquished any future involvement with that company’s business.
After Ms. Smith left Rent to Own Properties, Mr. Kelly alleges that she engaged in a number of improper actions. These included receiving rental 1.o,payments, which were to be deposited into the 741 Lang Street, L.L.C. bank account in order to satisfy mortgage notes, insurance and other expenses associated with the properties but failing to actually deposit those monies into said bank account or accounting to Mr. Kelly for those funds. Mr. Kelly further alleges that Ms. Smith misappropriated funds in the Rent to Own Properties bank account to satisfy mortgage notes on two shared properties and illegally cancelled those mortgages. Ms. Smith then allegedly sold the properties and retained all funds from the sales.
On February 24, 2005, Mr. Kelly filed a petition for damages against Ms. Smith alleging that Ms. Smith breached her fiduciary duty to him and to Rent to Own Properties and 741 Lang Street. Mr. Kelly also alleged that Ms. Smith is hable to him for misappropriation of funds, breach of fiduciary duty and breach of contract, all of which caused him financial loss. Ms. Smith answered the petition and later filed a reconventional demand against Mr. Kelly. Following trial on the merits, the trial court rendered judgment in favor of Mr. Kelly and against Ms. Smith. The trial court awarded Mr. Kelly the following sums: $7,298.50 for real estate commissions on the California Avenue, West Louisiana State Drive and Devon Road properties; $25,501.00 for proceeds from the sale of the California Avenue, West Louisiana State Drive and Devon Road properties; $11,114.00 for misappropriated funds from the Rent to Own Properties bank account; and $2,500.00 for 50% of the good faith deposit on 956-958 Robert E. Lee Blvd. The aforementioned awards included interest, from the date of judicial demand until 14paid, and court costs. Additionally, the trial court ordered Ms. Smith to reimburse Mr. Kelly 50% interest on all money collected to date on the $20,000.00 mortgage note that Ms. Smith maintains on the Devon Road property, with future monthly payments to be timely disbursed to Mr. Kelly. The trial court also dismissed Ms. Smith’s reconventional demand as abandoned. It is from this judgment that Ms. Smith now appeals.
DISCUSSION
On appeal, Ms. Smith raises the following assignments of error: 1) the trial court erred in declaring her reconventional demand abandoned; 2) the trial court erred in awarding Kelly 50% of certain real estate commissions for the sale of the California Avenue property, the West La. State Drive property and the Devon Road property because no evidence was introduced to support the commissions; 8) the trial court erred in awarding Kelly 50% of the net proceeds from sales of the three properties that are the subject of the second assignment of error; 4) the trial court erred in awarding Kelly, in his own individual capacity, funds of Rent to Own Properties, L.L.C. because he has no right of action to recover property on behalf of a limited liability company; 5) the trial court erred in failing to offset any purported misappropriation of funds with amounts owed for mortgage payments; and 6) the trial court erred by unduly restricting evidence regarding Kelly’s litigation history. Ms. Smith has also filed an exception of no right of action for the first time on appeal.
Lit is well settled that an appellate court may not disturb a trial court’s findings of fact unless the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly *648 erroneous. Clarkston v. La. Farm Bureau Cas. Ins. Co., 2007-0158, p. 24 (La. App. 4 Cir. 7/2/08), 989 So.2d 164, 182 (citing Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173, 1176). Courts have adopted a two-part test to determine whether a finding is manifestly erroneous or clearly wrong: 1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further demonstrate that the record establishes that the finding is clearly wrong (manifestly erroneous). Thus, a trial court judgment may be manifestly erroneous only if the record reveals the trial court judgment is not reasonable. Clement v. Griffin, 634 So.2d 412, 422 (La.App. 4 Cir.1994). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Abadie v. Morales, 391 So.2d 974, 976 (La.App. 4 Cir.1980) (citing Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973)). When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
|fiIn her first assignment of error, Ms. Smith contends that the trial court erred in finding that she had abandoned her reconventional demand. However, at trial, Ms. Smith’s attorney stated: “We’re not pursuing a reconventional demand.” He explained this was because the reconven-tional demand “was more in nature of a setoff of the plaintiffs claim with regard to the amount claimed by the plaintiff.” When the trial court questioned plaintiffs counsel about whether the claim for recon-ventional demand was being abandoned, counsel affirmed that it was. Therefore, at the end of trial, finding that no evidence was presented regarding Ms. Smith’s re-conventional, the trial court deemed it abandoned. We find no error in this finding. If Ms. Smith had any objection to this abandonment of her claim, she should not have agreed to allow it to be abandoned or should have presented evidence in support of the claim.
In her second assignment of error, Ms. Smith contends that the trial court erred in awarding Mr. Kelly 50% of certain real estate commissions for the sales of the California Avenue property, the West La. State Drive' property and the Devon Road property because no evidence was introduced to support the commissions. Her contention is wrong. At trial of this matter, Ms. Smith claimed that she received no commission on the sale on the California Avenue property. However, in a 2012 deposition, she admitted to receiving a $7,000.00 commission on the sale of that property. This deposition was admitted into evidence with no objection from the defendant. Therefore, the trial court was faced with conflicting trial and deposition testimony. When a party does not object to the use of a deposition, and |7the court finds that the witness to be non-credible it is not an abuse of discretion for the trial court to discount the witness’s testimony and substantively use the deposition. See Serou v. Touro Infirmary, 2012-0089, pp. 36-37 (La.App. 4 Cir. 1/9/13), 105 So.3d 1068, 1094. Regarding Ms. Smith’s commission on the Devon Street property, the plaintiff introduced into evidence an exhibit which listed a $5,097.00 commission to Keller Williams for the sale of this property. Although Ms. Smith testified that she likely only received $3,000.00 of this amount because of broker fees, the trial *649 court may have discounted her testimony because of the prior discrepancy between her trial and deposition testimony. In any event, Ms. Smith’s assignment of error that there was no evidence to support an award for commissions is without merit.
In her third assignment of error, Ms. Smith contends that the trial court erred in awarding Mr. Kelly one-half of the net proceeds from the sales of the California Avenue property, the West La. State Drive property and the Devon Road property because there was no evidence to support the amount of net proceeds awarded.
The trial court found that a $40,000.00 profit was realized on the sale of the California Avenue property. Per the closing statement on the California Avenue property, the property sold for $180,000.00 with a $139,485.57 balance on the mortgage, leaving approximately $40,000.00 in profit. Accordingly, there was evidence in the record to support the trial court’s award. Ms. Smith contends that she made certain concessions to the buyers; she paid $11,000.00 in closing costs, $5,580.00 and $5,645.00 in settlement charges. However, this was done without 18the consent of Mr. Kelly. Thereafter, Ms. Smith was left with approximately only $29,000.00 in profit. She further claims that she only netted $9,700.00 on the sale of the California Avenue property because she gave the buyers another $20,000.00 which is not reflected in any paperwork. However, there is nothing in the record to support Ms. Smith’s contentions besides her own testimony.
The trial court found that an $11,000.00 profit was realized on the sale of the West La. State Drive property. The closing documents indicated that the property was sold for $103,000.00 with a balance on the mortgage of $92,000.00. The buyer also paid the Kenner city property taxes. Although Ms. Smith contends that she paid the buyer’s closing costs and broke even on the sale, there is nothing besides her own testimony to support her contention.
The trial court found that a $2,000.00 profit was realized on the sale of the Devon Road property. In addition, the trial court found that certain payments were made on a $20,000.00 promissory note and deposited into Ms. Smith’s bank account; the trial court ordered an accounting of these payments be made to Mr. Kelly. Although Ms. Smith alleges that the property was foreclosed on, she never produced any documentation regarding the foreclosure, despite receiving a request for production of all sale documentation. As stated above, Ms. Smith offers nothing except her own testimony to refute the trial court’s findings.
As shown above, there is evidence in the record to support the trial court’s awarding Mr. Kelly one-half of the net proceeds from the sales of the California 19Avenue property, the West La. State Drive property and the Devon Road property. Accordingly, Ms. Smith’s third assignment of error is without merit.
In her fourth assignment of error, Ms. Smith contends that the trial court erred in awarding Mr. Kelly, in his individual capacity, funds of Rent to Own Properties because Mr. Kelly has no right of action to recover property on behalf of a limited liability company. In February of 2003, Ms. Smith surrendered her interest in Rent to Own Properties to Mr. Kelly. Therefore, Mr. Kelly became the sole member of the limited liability company. There are example of cases where an individual has either been allowed to bring or defend an action against a limited liability company in his individual capacity.[2] How *650 ever, it appears that Rent to Own Properties ceased doing business after this point and Mr. Kelly and Ms. Smith had separate and personal interests in the three shared properties. In any event, Rent to Own Properties’ license was revoked by the Louisiana Secretary of State in 2006. We find no error in the trial court’s awarding funds to Mr. Kelly, in his individual capacity. This issue will be discussed further when we address Ms. Smith’s exception of no right of action.
In her fifth assignment of error, Ms. Smith contends that the trial court erred in failing to offset any purported misappropriation of funds with amounts owed for mortgage payments. Ms. Smith contends that she used a portion of these funds to pay the mortgages on properties owned by Rent to Own Properties. However, Imthere is evidence to that she also used these funds to pay the mortgage on 741 Lang Street, which she fully owned. By her own testimony, Ms. Smith admitted that she had no right to write checks or withdraw money from the Rent to Own Properties account after February 21, 2003. Ms. Smith’s lack of right to Rent to Own Properties’ funds is also evidenced by the dissolution agreement from when she left the LLC. Accordingly, the trial court did not err in failing to offset the misappropriation.
In her sixth and final assignment of error, Ms. Smith contends that the trial court erred by unduly restricting evidence regarding Mr. Kelly’s prior and current litigation history. “With regard to admission of evidence at trial, a trial court is allowed great discretion, and determinations to admit or exclude evidence will not be reversed on appeal absent an abuse of that wide discretion.” Munch v. Backer, 2010-1544, p. 3 (La.App. 4 Cir. 3/23/11), 63 So.3d 181, 185. Ms. Smith argues that this evidence should have been admitted because it would show Mr. Kelly’s history of failing to pay his debts, that Mr. Kelly treated the funds from the LLC as his own, and Mr. Kelly’s lack of credibility. However, this case is about Ms. Smith’s failure to pay sale proceeds and commissions on the sales of three properties and her misappropriation of Rent to Own Properties’ funds.
Furthermore, Louisiana Code of Evidence Article 103(A) provides: “Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... the substance of the evidence was made known to the court by counsel.” Thus, in order to preserve for review an |-n alleged error in ruling excluding evidence, counsel must make known to the court the substance of the excluded testimony. State v. Magee, 2011-0574, pp. 60-61 (La.9/28/12), 103 So.3d 285, 326. This can be effected by proffer, either in the form of a complete record of the excluded testimony or a statement describing what the party expects to establish by the excluded evidence. Id. Ms. Smith failed to proffer this evidence, and as such, she has waived her right to appeal the trial court’s exclusion of this evidence. Accordingly, the evidence regarding Mr. Kelly’s prior and current litigation history is irrelevant, and the trial court did not abuse its discretion in failing to admit the evidence.
In addition to appealing the trial court’s judgment, Ms. Smith has also filed a peremptory exception of no right of action in this Court. The exception of no *651 right of action is peremptory and can be brought up at any time, including on appeal. Lambert v. Donald G. Lambert Constr. Co., 370 So.2d 1254 (La.1979). The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right against the exceptor. Recovery Development Group, L.L.C. v. National Baptist Conv. Of America, Inc., 2010-1086, p. 11 (La.App. 4 Cir. 4/20/11), 68 So.3d 1127, 1132-1133 (citing Thomas v. State, 545 So.2d 632 (La.App. 4 Cir.1989)). In examining an exception of no right of action, a court should focus on whether the particular plaintiff has a right to bring the suit while assuming that the petition states a valid cause of action for the same person. J-W Power Co. v. State ex rel. Dept, of Revenue and Taxation, 2010-1598, pp. 7-8 (La.3/15/11), 59 So.3d 1234,12391 ^citing Reese v. State, Dept, of Public Safety & Corrections, 2003-1615, pp. 2-3 (La.2/20/04), 866 So.2d 244, 246). The exception of no right of action questions whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. Id.
In the instant case, Mr. Kelly alleges that Ms. Smith breached a fiduciary duty to him and Rent to Own Properties. See La. R.S. 12:1314(A)(1). Accordingly, Mr. Kelly has a right of action to bring this lawsuit. Furthermore, La. R.S. 12:1320(0 provides that a member of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person’s rights against or liability to the limited liability company. By analogy, an argument can be made that the same should apply where a member, who is left as the sole member of an LLC, is bringing an action regarding the LLC against a former member of the LLC; it would make no difference if he brought the action on behalf of the LLC or in his individual capacity.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is affirmed and the defendant/appellant’s peremptory exception of no right of action is denied.
AFFIRMED; EXCEPTION DENIED.
LOVE, J., Dissents.
LOBRANO, J., Dissents With Reasons.

. The articles of organization for these companies were filed with the Louisiana Secretary of State on August 22, 2002 and September 17, 2002, respectively.

. In 528 Baronne Owners Assoc., Inc. v. Kelly, 2005-0318 (La.App. 4 Cir. 9/27/06), 941 So.2d *650 657, the sole member of a limited liability company (LLC) was found personally liable in an action involving the LLC. Ironically, this case also involved the same Mr. Kelly we have in the instant case.